Hansell *vs*. Bryan, ex'r, &c.

---

No. 39.—AUGUSTIN H. HANSELL, plaintiff in error, *vs*. BENJAMIN BRYAN, executor, &c. defendant in error.

[1.] Where, by an exemplification of the record, it appears that there had been a probate of the will, and the same was admitted to record, though there was no formal judgment of the Ordinary pronouncing for the will, the Superior Court should presume in favor of the Court of Ordinary, (at least until the contrary is shown,) that the will was admitted to record by the judgment or direction of the Ordinary.

[2.] Where A claimed under a verbal gift from B to his son, which it was sought to prove, by declarations of B, was made at some period previous to the declarations; and where it was also shown that the property continued in the possession of B: *Held*, that other sayings, inconsistent with such a gift by B, at other times, made while he continued in possession, were admissible as evidence for the opposite party.

[3.] Such declarations by the father, may as well be relied upon to show

that there had been a perfect gift; that is to say, a gift by words, accompanied with delivery, as to prove that there had been a gift by words only.

Trover, in Pulaski Superior Court. Tried before Judge LOVE, April Term, 1855.

This action was brought by Benjamin Bryan, as executor of Joseph M. Bryan, deceased, *vs.* Augustin H. Hansell, for several negroes. On the trial, the plaintiff offered in evidence an exemplification from the Ordinary of the probate and record of the will of his testator. Counsel for defendant objected to the evidence, on the ground that there was no judgment of the Court of Ordinary pronouncing in favor of the will and ordering it to record. The Court over-ruled the objection, and this decision is assigned as error.

Plaintiff below then proved by sundry witnesses, the sayings of one Blackshear Bryan, that certain property, including that sued for, "belonged to" his son Joseph; "was the property of his son;" and also some acts of Blackshear Bryan, showing an acknowledgment, by him, of property in his son.

Defendant below then offered in evidence testimony going to show other sayings of Blackshear Bryan, at other times, denying property in his son. This evidence was ruled out by the Court, and this decision is assigned as error.

The Court charged the Jury, among other things, "when the gift is established, either by actual delivery or from *acts* by which it can properly be inferred, the possession of the father becomes the possession of the child. This charge is assigned as error.

The value of the negroes was alleged, in the petition, to be $6.000; the damages were laid at $12.000; the verdict was for $7.800. Defendant below moved in arrest of judgment, because the verdict exceeded the value laid in the petition. The Court refused the motion, and this decision, also, is assigned as error.

COLE, for plaintiff in error.

I. L. HARRIS, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] We agree with the Court below, in the opinion, that the fact of there being no formal entry of a judgment by the Court of Ordinary, pronouncing for the will, was not a sufficient objection to the admission of the exemplification which was offered.

The practice of our Courts of Ordinary, in this particular, is not very well settled, so far as form is concerned. This exemplification shows, however, that there was a probate of the will, and that the same was admitted to record in the proper Court. In favor of that Court as a co-ordinate branch of the Judiciary Department of this State, we must presume, until the contrary is shown, that what thus appears to have been done by it, was done legally.

The direction by the Court, that the will should be admitted to record, must therefore be presumed; and this direction was the thing of substance in the premises; the form of doing it was not very material.

[2.] The depositions of Dr. Townsend, stating certain declarations of Blackshear Bryan, to the effect that the slaves sued for were the property of his son, as well as other declarations to this effect, which were offered in evidence, should have been admitted.

It will be observed, that no evidence was submitted in the case, of a positive gift by Blackshear Bryan to his son, of these slaves, and a delivery of them at any particular time; but it was sought to have it presumed from the sayings of the father on various occasions, that the slaves had been derived by his inter-marriage with the mother of his son, and that they were the property of this son; that there had been, at

some previous time, a gift of them to the son.    The declarations were not relied upon as proving a gift at the time they were uttered, but as going to show that a gift had been made · at some prior point of time.

It was in consideration of this fact, and of the circumstance that Blackshear Bryan continued in possession of the slaves, that we thought his subsequent sayings might be looked to as a part of the *res gestæ*, from all of which it might be · determined whether or not it was probable that he had ever made a gift of the slaves to his son.

If declarations by the father, at any particular time uttered, had been proven, so as to show that at that time he had made a gift of the slaves to his son, then perhaps testimony of his sayings denying the gift, would not have been admissible.    But that was not the case here. ┃ As we have said, the declarations were relied upon as showing that a gift had been, at some prior point of time, made; there was a continuing possession by the father, and subsequent statements were made by him, inconsistent with the idea that he had ever parted with dominion over the property.

In this point of view it is, that we think such subsequent declarations were proper evidence.

It is true that this continuing possession of the father may not be inconsistent with the fact of a complete gift from him to his son; but it was for the Jury to decide whether or not this possession of the father was a possession for the son. There was the fact that the father did continue in possession, and we think, that under the circumstances, what he said whilst so continuing in possession, should have been submitted to the Jury.

[3.] We cannot agree with the Counsel for the plaintiff in error, that the Court erred in submitting the question to the Jury, whether or not there had been a delivery by the father to the son, because there was no evidence to show delivery.

We do not mean to pronounce an opinion upon the strength of this evidence, nor to say what it does or does not prove. But this we do say: that if these declarations of the father

might be received as possibly affording presumptive evidence of a gift by words only, at some previous time made, they might, at the same time, be examined as possibly proving all that was necessary to constitute a gift; and therefore, as showing that there had been a delivery of the slaves.

The simple question was, whether or not these sayings of Blackshear Bryan did prove that there had been a gift; that is to say, all that was necessary to constitute a gift—apt words and delivery, or that which was equivalent to delivery. And to decide this, the Jury were authorized to consider what was said by the father, the fact of his continued possession, the circumstance of his son's minority and residence with his father, and whether or not this accounted for the possession of the father, and showed that it was consistent with the son's property in the slaves.

Let the judgment be reversed.