VIGAL, executrix, *et al. vs.* CASTLEBERRY, ordinary,
for use.

1. Where a trustee gave bond for the faithful performance of his duty as such, and subsequently received property of the estate which he never turned over thereto, but charged himself with a certain amount of money in his returns in lieu thereof, and died, and his executors refused to pay over any thing to his successor, suit could be maintained on the bond. It is immaterial that the property actually received was land to which the trustee took title in his own name.

2. A charge should not be given in a civil case making the jury the judges of the law and the facts.

3. A charge allowing an improper rate of interest, which was corrected by writing off the excess, did not necessitate a new trial.

4. A non-suit was properly refused in this case.

Trusts. Practice in Superior Court. Practice in Supreme Court. Before Judge WILLIS. Chattahoochee Superior Court. March Term, 1881.

To the report contained in the decision it is only necessary to add that after a verdict for the plaintiff, the defendants (executors of the deceased trustee) moved for a new trial on the following grounds:

(1.) Because the court refused to charge as requested in writing, "that if the jury believed from the evidence that Vigal received land and not money, and that said land is now in the possession of the executors of Vigal, then the jury cannot find for the plaintiff in this case as set forth in plaintiff's declaration."

(2.) Because the court refused on request to charge, "that if the jury believed from the evidence that Vigal during his lifetime did not break or violate his bond, then they must find for defendant."

(3.) Because the court charged that if in his lifetime Vigal charged himself in his returns with ten per cent interest, that would be evidence that he made ten per

cent, and the jury might find the principal with ten per cent interest to the present time.

(4.) Because the verdict is contrary to law and evidence.

(5.) Because the court refused a non-suit on the close of plaintiff's testimony. (The facts shown are stated sufficiently in the decision.)

The court refused the new trial upon plaintiff's writing off the interest above seven per cent since the trustee's last return, which was done. Defendants excepted.

B. A. THORNTON; T. A. GRIMES, for plaintiffs in error.

JOS. F. POU, for defendant.

JACKSON, Chief Justice.

This suit was brought by the trustee of Hattie R. Hastings against the executors of the former trustee for the recovery of money in the hands of the deceased trustee which belonged to the *cestui que trust*, and which the former trustee received and did not pay over, and which his executors have on hand and refuse to account for. The action is brought on a bond by the ordinary for the use of the present trustee against the executors of the deceased trustee and his sureties. On demurrer the cause was dismissed as to the sureties, and proceeding against the executors alone, a verdict was rendered against them, and judgment rendered thereon. A motion was made for a new trial, and overruled, and the judgment thus overruling this motion is assigned for error.

1, 2. The condition of the bond is to administer the trust property according to a will in evidence, which gave it to the trustee for the use of Hattie R. Hastings, and it appears in testimony that it was turned into land by the defendants or their testator, and the deed taken in his name. The returns of the deceased trustee showed the sum he received, and it is wholly immaterial whether he received

it in property or in money. He charged himself with its value and returned it as money. Thus the bond was broken by the failure to account for it, and the recovery should have been had, and the verdict and judgment are right.

From this view of the case it will be seen that the refusal to charge that if the former trustee received land, there could be no recovery, is not erroneous ; and the other refusal in regard to the bond not being broken, couched in such broad terms as to make the jury judges of law and fact as to what would break it, is not error, the presumption being that the court told the jury what facts, if proved and believed, would in law be sufficient to authorize them to find that it was broken, and the evidence being abundant that it had been broken.

3. The charge in regard to ten per cent interest was cured by the order to write that off over seven per cent, and the compliance of the plaintiff with that direction of the superior court.

4. Of course the non-suit ought not to have been granted in the light of what has been written above.

Judgment affirmed.