HIGGINBOTHAM, executor, *v.* CAMPBELL.

1. Though the charge of the court, construed as a whole, be in the main correct, yet for errors or inaccuracies therein which may have misled the jury the trial judge may grant a first new trial, and this court, generally, will not control his discretion in so doing.

2. To charge the jury in a civil case that they are the judges of the law and the facts which have been submitted to them is erroneous.

3. It is not accurate to instruct the jury that slight circumstances will carry conviction of the existence of fraud, the more correct expression being, that slight circumstances *may* be sufficient to carry conviction of its existence.

4. There was no evidence to warrant the court in instructing the jury on the subject of furnishing liquor or other intoxicants sufficient to derange the mind of the maker of the conveyance in question.

5. Where a motion for a new trial was ordered in term to be heard at chambers on a given day, and was then continued to another day, which was the first day of an adjourned term of the court, no further continuance was necessary, and the motion could be heard at any time during such adjourned term. Jurisdiction to proceed in term is not lost by an order to hear at chambers.

6. The plaintiff in error having brought up so much of the brief of evidence and such parts of the record as are material to a clear understanding of the errors complained of, and it clearly appearing to the Supreme Court that all matter brought up by the defendant in error is superfluous, it is ordered that the cost of bringing up this additional matter be paid by said defendant.

July 7, 1890.

New trial. Charge of court. Fraud. Practice. Before Judge MADDOX. Floyd superior court. September term, 1889.

Reported in the decision.

DEAN & SMITH, for plaintiff.

DABNEY & FOUCHÉ and ALEXANDER & WRIGHT, for defendant.

BLECKLEY, Chief Justice.

In this case, a deed of conveyance, made by a mother to her son, was attacked as having been procured by the son through fraud committed upon his mother. The object of the attack was to set aside and cancel the deed. The jury found in favor of the plaintiff. The court, on motion of the defendant, granted a new trial, and the plaintiff excepted.

1. Construing the charge of the court as a whole, and looking to its general tenor, not scrutinizing it closely to discover inaccuracies, it seems in the main correct; but undoubtedly it contains some inaccuracies which, by possibility, may have misled the jury, and for these the trial court might very properly grant a first new trial. This having been done by the judgment excepted

to, we shall, following the general rule in such cases, forbear to control the discretion exercised in so doing.

2. In the trial of civil cases, the responsibility for the law of the case rests wholly upon the judge. The jury must take it from him, and as he expounds it, with no concern on their part for the correctness or incorrectness of his exposition. Instead of so instructing the jury, the judge charged them that they were the judges of the law and the facts which had been submitted to them. Whilst in one sense this was not absolutely incorrect, for, in civil as well as criminal cases, the jury apply the law to the facts, and exercise that degree of judgment upon it which is necessarily involved in doing so; still, such instructions, unattended with a caution to accept the law as announced by the court, might be misleading. The jury could understand them as implying the same functions on their part with reference to the law as they were to exercise with reference to the facts, and knowing that it was upon them to ascertain and settle what the facts really were, they might think they had the same office to perform touching the law. They might conclude that they were to recognize as law that which they thought it was rather than that which the judge said it was. It is true that the danger of such a mistake was not imminent, but that it existed at all, by reason of an inaccurate expression from the bench, might very properly render the judge desirous of an opportunity to correct it on a future trial, especially if he had any doubt of the correctness of the verdict, in so far as it involved elements of law as distinguished from matters of fact.

3. Another inaccuracy, and perhaps a graver one, was committed in charging the jury that slight circumstances will carry conviction of the existence of fraud. The jury, if they adhered to the letter of this instruction, might have explored the evidence for slight cir-

cumstances indicating fraud, and having found them there rested, the court having said, presumably as matter of law, that such circumstances will carry conviction of the existence of fraud. Had the court used the more accurate expression furnished by the code (§2751) that slight circumstances *may* be sufficient. to carry conviction of its existence, there would have been no danger of misconstruction.

4. Another vice of the charge was that it dealt with a subject on which there was absolutely no evidence. Moreover, the mischief naturally attending this kind of instruction was aggravated by the explosive and inflammable nature of the subject thus brought to the attention of the jury, the same being the furnishing of liquor or other intoxicants to the mother sufficient to derange her mind, as a means of perpetrating upon her the alleged fraud. So far from there being any evidence that such a thing was done or attempted, all the evidence applicable to the question was directly to the contrary.

5. The motion for a new trial was ordered, in term, to be heard in chambers on a given day, and was then continued to another day. This latter was the day on which an adjourned term of the court began. The motion was not heard on that day, and no order was passed continuing it to any future day. But the motion was heard and disposed of during the adjourned term then pending. The order to hear at chambers certainly could not divest the court of jurisdiction to proceed in term, and the motion having made its way back from chambers to a session of the court by a continuance to the day on which that session commenced, no further continuance was necessary. The motion, having been out on an excursion, had returned home, and when at home, it had come to stay until finally disposed of or ordered off on another excursion. Indeed, had there

been no order bringing it back, the court, while in session, had full power over it as a part of the business of the court, and could deal with it accordingly. . There was no cause for dismissing the motion on account of any failure to continue it, and there was no error in entertaining and deciding it at the adjourned term.

6. This case was brought up under the act of 1889, and counsel for plaintiff in error complied fully and faithfully with the act in its letter and spirit. He had certain legal questions which he wanted this court to determine, and with accurate discrimination, he culled out so much of the brief of evidence, and such parts of · the record, as were material to a clear understanding of the errors of which he complained. Counsel for defendant in error, nevertheless, as it was his privilege to do, brought up other parts of the brief of evidence, which proved utterly useless, as they cast not one ray of new light upon the legal questions which we were called upon to decide. The purpose of the act is to strip cases as much as possible of useless and superfluous matter, thus reducing the expense of taking the opinion of this court on legal questions, and reducing also the time and labor involved in examining transcripts of the record. Both these considerations are of great moment, and the act is a wise and wholesome law. It clearly appearing that the matter brought up by the defendant is wholly superfluous and useless, the cost of bringing up the same must be paid by him.

*Judgment affirmed.*