CAMPBELL *v.* HIGGINBOTHAM, executor.

LUMPKIN, J.—1. The evidence being entirely insufficient to authorize the verdict, it should be set aside.

2. The evidence showing that the deed in question was executed freely and voluntarily, and there being no testimony from which the jury could rightly infer that it was the result of duress or fraud, there was nothing to warrant the court in charging upon these subjects.        *Judgment reversed.*

May 27, 1891.

Evidence. Verdict. New trial. Charge of court. Fraud. Before Judge MADDOX. Floyd superior court. September term, 1890.

Lucy Campbell in her lifetime filed a petition to set aside a deed she had made, conveying to her son certain land, alleging that the deed was void as having been procured by fraud, duress and undue influence, and was without consideration; that she did not recollect signing the conveyance, but if she did so, it was when she

was temporarily *non compos mentis* or under the influence of some drug or liquor administered to her by her son or by some one at his instance; that it was obtained from her by fraudulent representations of its contents, by duress and undue influence on part of her son or his agents when she was physically and mentally incapable of resisting such influence and mentally incapable of discrimination; and that her son had beaten and maltreated her for the purpose of forcing her to convey the land to him and to quit possession and deliver him the title papers. The son's answer denied all the allegations of the petition. He averred that in fact he made all the money and paid for the land; that he became embarrassed, and when he paid his vendors whose bond for title he held, the deed was made to his mother to prevent the land being sold for his debts; that this was an arrangement between himself and his mother, she agreeing to make her deed to him as soon as he paid off his debts, and when he did so she made him the deed she now attacks, making it in pursuance of their agreement, and freely, voluntarily, and without any fraud, duress, violence or imposition of any sort from him or any of his agents; and that she was fully competent and understood the deed when she made it. A verdict in favor of the plaintiff was rendered. The case was again tried, and the jury failed to agree. The plaintiff died, and the cause proceeded in the name of her executor, who obtained a verdict which was set aside, and this judgment was affirmed (see 85 *Ga.* 638). The last trial also resulted in a verdict for the plaintiff, and the defendant's motion for a new trial having been overruled, he excepted.

ALEXANDER & WRIGHT and DABNEY & FOUCHÉ, for plaintiff in error.

DEAN & SMITH, *contra*.