## MOSS & CO. *v.* GEORGIA RAILROAD & BANKING CO.

This was an action on the case for damages against a railroad company on account of negligent destruction by fire of the plaintiffs' cotton which was contained in the warehouse of a compress company. The evidence and inferences properly deducible therefrom were sufficient to authorize a verdict for the plaintiffs; and it was erroneous, on conclusion of the evidence offered by both parties, to direct a verdict in favor of the defendant.

                    OCTOBER 12, 1915.

Action for damages. Before Judge Brand. Clarke superior court. January 14, 1915.

*Green & Michael* and *King & Spalding,* for plaintiffs.

*Joseph B. & Bryan Cumming* and *Cobb, Erwin & Rucker,* for defendant.

ATKINSON, J. Moss & Company instituted an action on the case against the Georgia Railroad and Banking Company, for damages. The basis of the action was negligence of the defendant in allowing sparks to escape from one of its engines, which set fire to the warehouse of the Athens Compress Company in which cotton belonging to plaintiffs was stored with cotton belonging to other persons, resulting in the burning of the cotton, and causing the plaintiffs to sustain damage in a stated amount. On the trial, after conclusion of the evidence offered by both parties, the judge directed a verdict for the defendant. The plaintiffs made a motion for new trial, which contained the usual general grounds and one which complained of the direction of the verdict and averred that the case should have been submitted to the jury. The motion was overruled, and the plaintiffs excepted.

There was evidence to sustain a finding that the plaintiffs' cotton was stored as alleged, and that it was burned by means of a fire set out by the negligent operation of one of defendant's engines as alleged. It is to be gathered from the briefs of counsel that the verdict was directed because the judge concluded that the evidence relied on to show the extent of the injury to the plaintiffs' cotton was too indefinite to authorize a verdict for any particular amount; that a verdict for any specific amount would be a mere conjecture, without evidence for its basis. On this question, which relates merely to the quantum of damages, we will consider the case. The action was for the negligent destruction of the cotton; and in stating the amount of damage, the market value was alleged and allowance was made for a stated sum which the plaintiffs admitted they had received from "salvage." It appears from an agreed statement of facts that on a named date the plaintiffs were the owners of 137 bales of cotton, identified by designated marks entered thereon, weighing in the aggregate 58,718 pounds, and that on the date stated the cotton was of the market value of $8660.03. There was also evidence tending to show that the cotton was contained in the warehouse of the Athens Compress Company, along with the cotton of several other persons, all of which was identified by designating marks on the several bales. It was also shown that all of the cotton was damaged by fire in different degrees, and that the marks of identification on each of the bales of the several owners of cotton were destroyed, so that it was impossible to distinguish the cotton of one person from that of another, and that out of the 137 bales belonging to the plaintiffs it was possible to identify the remnants of only two or three bales. All of the cotton was in good condition, so that it could be sold on the open market, at the time of the fire; but the fire consumed many of the bales and partially consumed the rest, and those which were left were in an unmerchantable condition. After the fire all of the damaged remnants of bales of cotton were sold in bulk and produced a fund called "salvage."

We think that under these circumstances the evidence as to the amount of damages to the plaintiffs' property was not too indefinite to support a verdict for substantial damages. In a case of this kind the amount of damages is of necessity a matter of opinion to be drawn by the jury from all the facts and circumstances. Proof of

the amount to an absolute certainty is not required. It will suffice if all the evidence and circumstances, and reasonable inferences to be drawn therefrom, furnish a basis for a reasonably accurate estimate by the jury of the amount of damages caused by the injury to the property. 1 Sedgwick on Damages, § 170a, and cases cited. The jury had evidence of the amount, condition, and value of the plaintiffs' cotton before the fire, and by comparing that with the condition the cotton was shown to be in, and the disposition made thereof, they could estimate the loss with reasonable certainty. Considering the pleadings and all of the evidence, it was erroneous to direct a verdict for the defendant.

*Judgment reversed. All the Justices concur.*