### DEAL *v.* MOSELEY.

ATKINSON, J. 1. On the trial of an action for injunction and specific performance, instituted by a daughter against her father, based upon an alleged parol gift of land made to the daughter, accompanied by possession and valuable improvements placed upon the land by the daughter and her husband on the strength of the gift, in which there was an issue under the pleadings as to whether the land was given to the daughter, evidence as to the amount of land owned by the father at the time of the alleged gift and as to the number of children he had was admissible in connection with testimony tending to show that the father had in contemplation a division of his property among his children at his death.

2. There was no error in excluding testimony of the defendant, given while testifying as a witness in his own behalf, to the effect that after the time of the alleged gift the plaintiff's husband had cut wood off of the land and the defendant had continuously objected to his doing so, it appearing that the plaintiff was in possession of the land' at the time. *Porter* v. *Allen,* 54 *Ga.* 623 (6, 7).

3. Evidence to the effect that a former witness, since deceased, left specified property, does not contradict testimony of the same witness delivered at a former hearing and read at the trial, or testimony of the plaintiff to the effect that "about all the money inherited from" the witness's father had been invested in making improvements on the land. Accordingly there was no error in rejecting a certified copy of the ap-

praisement of the estate of the plaintiff's late husband, offered in evidence by the defendant for the purpose of impeaching the testimony of the plaintiff and her husband.

4. When considered in connection with the testimony of the defendant and the testimony of the plaintiff on the subject of renting the property in dispute, evidence as to the rental value of the land was not of such materiality as to render it reversible error to refuse to allow a witness for the plaintiff, who had not testified as to the rental value of the property, to answer the question: "What were those two places worth annually for rent?"

5. One ground of the motion for new trial complains of the admission of the report of the testimony of the plaintiff's husband, delivered at an interlocutory hearing, but does not set forth the evidence either literally or in substance. The other remaining grounds relate to the admission and exclusion of testimony, without setting it out literally or in substance. These grounds fall within the rule that grounds of a motion for new trial which are incomplete and can not be understood without resorting to an examination of the brief of evidence fail to present any question for consideration by this court. *Smiley* v. *Smiley,* 144 Ga. 546 (87 S. E. 668).

6. The evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
No. 44.    JANUARY 16, 1918.

Equitable petition. Before Judge Hardeman. Bulloch superior court. October 6, 1916.

*B. T. Rawlings* and *H. B. Strange,* for plaintiff in error.
*Anderson & Jones* and *Hines & Jordan,* contra.