26548. GULLATT, administratrix, *v.* THOMPSON.

670

Decided March 5, 1938. Rehearing denied March 29, 1938.

*Ellis McClelland, J. Wilson Parker,* for plaintiff.

*G. B. Walker, H. A. Allen,* for defendant.

Stephens, P. J.   Mrs. Mary Gullatt, as administratrix of the estate of Mrs. Martha Ann Thompson, deceased, instituted suit against I. N. Thompson to recover the sum of $2565 with interest alleged as due by the defendant.   It was alleged in the petition that the defendant and the deceased, who was the defendant's mother, entered into a verbal contract by which the defendant undertook and agreed to furnish board and lodging for the deceased and to provide a home for her at his residence, in consideration of the use by him of the sum of $2500 which the deceased at the time turned over to him; that pursuant to the contract the deceased moved into the residence of the defendant and the defendant furnished her with a home, board, and lodging, until the date of her death, April 12, 1936; that the contract was for an indefinite period and could have been terminated by either party at will, and had the same been terminated the defendant would have been no longer obligated to furnish the deceased with a home, board, and lodging, and would no longer have been entitled to the use of the money; that the defendant had never repaid the $2500 to the deceased during her lifetime; that the $2500 became due the estate of the deceased on the termination of the contract by the death of the deceased.   The petition further alleged that the deceased, at the time she was stricken with her last illness, had on her person approximately $800 in cash, part of which the defendant used in defraying the expenses of the deceased's last sickness and the expenses of her funeral, and that after so doing there was left in the possession of the defendant $65 of this money belonging to the deceased.   It was further alleged in the petition that the defendant is indebted to the plaintiff in the sum of $2565 with

interest from the date of the death of the deceased, that demand had been made upon the defendant for payment and payment had been refused.

The defendant in his plea admitted that the deceased delivered to him $2500, but that it was not delivered to him pursuant to any contract, as alleged by the plaintiff, by which the defendant was to have only the use of the money in consideration of his maintaining the deceased as alleged during her lifetime. He alleged that the deceased, many years ago, gave him the $2500, and at the time told him that he could keep it as his unless she needed it and called for it; that he accepted the money as a gift with the understanding with the deceased that if she ever needed the money or any part of it she would call on him for it and he would give it to her, but that if she never called for it it was to be his; that the deceased never called for the money; that the money "was to be his in payment for his kindness in taking care of her throughout the long period of years that she lived with him," which was from 1916 until the date of her death on April 12, 1936. He alleged that his mother gave him the $2500 because she was his mother, "and on account of his love for her, he wanted her in his home and took great pleasure in furnishing her every comfort he could command during her declining years," and that he did not ask his mother for the money, but she gave it to him freely and voluntarily and "he only accepted the gift at her request." In answer to the plaintiff's allegations with reference to the $800 which it was alleged the deceased had in her possession at the time of her last illness, the defendant alleged that the entire sum was expended by him in defraying the expenses of physicians, nurses, medicines, and funeral expenses of the deceased.

After the introduction of evidence the court directed a verdict for the defendant. The plaintiff moved for a new trial on the general grounds, and on the special grounds that the court erred in directing a verdict for the defendant and in excluding testimony offered by the plaintiff which consisted in a statement made by the deceased sometime during the year 1935, while she was living with the defendant, that she was paying the defendant, her son, for her board by giving him the *use* of the money. The court overruled the motion for new trial and the plaintiff excepted.

It appeared undisputed and uncontradicted from the evidence

that the defendant came into possession of the moneys belonging to the deceased, who was his mother, as alleged in the petition; that the deceased lived with the defendant, and that he furnished her board and lodging for a period of at least sixteen years until the date of her death. The defendant can justify his title to the $2500 upon only one of two theories—one, that the money was turned over to him by his mother as a gift, the other that she paid it to him in consideration of his taking care of her during the remainder of her life. The transaction was not a gift inter vivos, as it appears from the defendant's plea and his testimony that the mother retained the right to revoke it at any time. It clearly was not a gift causa mortis. The defendant therefore could be entitled to the money only by reason of a contractual relation between him and his mother by which the money was paid him in consideration of his services in caring for her during the remainder of her life. Whether or not, under the defendant's plea and his testimony, it could be established that the $2500 was delivered to him by his mother, so long as she did not recall it and take it back as she had a right to do, as a continuing offer to him of the money in consideration of his supporting her for and during the balance of her life, and that, when she died without recalling the money and he had furnished the services as contracted for, he had accepted the offer and the money belonged to him in consideration of the services rendered, there was testimony supporting the contention of the plaintiff that the $2500 was not turned over to the defendant by the deceased as his money, but that the money was only deposited with him or loaned to him, the money did not belong to him, as appeared in certain alleged admissions made extrajudicially by him. There was evidence that after the death of the deceased the defendant proposed to one of his sisters that she "get a compromise out of the girls [evidently meaning other heirs of the deceased] for a thousand dollars," and that if this could not be done he would pay the $2500 "if they would give him time;" that he stated that if his mother had lived long enough he would have gotten his house finished and he "was going to sell and pay mother off," that the defendant stated to another sister: "I have got mother's money and have had it ever since she moved in the house with us," and "if you all don't think I deserve it I will pay it back;" that the defendant stated to another sister that his

mother turned over the $2500 to him when she went to his home to live, and that if "times were like it used to be" he could pay it, but he could not pay it at this time, that "if all of them thought that he ought to pay it he would do so if they would give him time." The defendant, in reference to these conversations, testified that he had stated that he thought his mother meant for him to have the money for taking care of her, and that he never promised to repay the $2500 or any part of it.

It was undisputed from the evidence that the defendant came into possession of the $800 which the deceased had in her possession at the time of her last illness, but it appeared that he had spent all but about $64 or $65 of this money in payment of the expenses of the last illness and the funeral of the deceased. It further appeared without contradiction from the defendant's testimony that he boarded and furnished rooms to two nurses, one for ten weeks and one for twenty days, that in his ·opinion this was worth $30 a month, that he had not been paid therefor out of any of his mother's money, that he had paid out of his own pocket bills at the drug store and laundry and "such minor things as that" amounting to about $50. From the extrajudicial statements made by the defendant a jury would have been authorized to find that the $2500 was not given to him or paid to him in consideration of his services in supporting his mother. It does not appear without contradiction from the evidence and as a matter of law that the deceased gave to the defendant, her son, the $2500 either as a gift or as compensation for the services which the son rendered for the period of about sixteen years until she died, in maintaining and supporting her.

The evidence of the defendant was sufficient to authorize a finding that he had incurred expenses of the mother's last illness by furnishing board and lodging to nurses, and paying out money on drug bills, in addition to expenses already testified about, which were in excess of the $64 or $65 which·the defendant admitted was money left over out of the $800 belonging to the mother after he had made certain expenditures testified to on account of her last illness and funeral. Since the defendant did not seek to set off against this $64 or $65 of the deceased's money any claim by him against the estate for these expenditures made by him on behalf of the deceased, it appears that he was indebted to the estate, or

674

that he had money belonging to the estate, in the amount of $64 or $65. A verdict for the defendant was not as a matter of law demanded, and the direction of a verdict for the defendant was therefore error.

In the opinion of the majority of the court, the writer disagreeing thereto, the plea of the defendant when properly construed sets up title to the $2500 which he alleges was delivered to him by his mother on the sole ground that the money was delivered to him as a gift, and that since, as appears from the defendant's plea, under the ruling herein above made, the delivery of the money to the defendant did not constitute a gift from his mother to him, that therefore the verdict found for the defendant was without evidence to support it but that a verdict and judgment for the plaintiff were as a matter of law demanded. The writer of this opinion is, however, of the opinion that the plea of the defendant when properly construed, notwithstanding he refers to the delivery of the money to him as a gift from his mother, alleges that it was paid to him under a contract by which he, in consideration of this money, supported and took care of his mother for and during the period of her life. The writer is of the opinion that the verdict found for the defendant was authorized although it was not as a matter of law demanded.

A statement made by the deceased, the mother, in the year 1935, the year before she died, which was nineteen years after she went to live with the defendant and after she had turned the money over to him, that she paid the money to him but that he was to have only the use of it in payment of her board, was not a part of the res gestæ. It was hearsay only and not an admission, and was properly rejected when offered in evidence by the plaintiff. The court erred in overruling the plaintiff's motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*