In the Matter of the Claim of JOHN D. BOTTI, Doing Business under the Firm Name and Style of MIDDLETOWN NEWS COMPANY OF MIDDLETOWN, NEW YORK, against the Estate of BELLE HORTON, Deceased. HENRY FROST HORTON and STANLEY MILLSPAUGH, as Executors, etc., of BELLE HORTON, Deceased, Appellants; JOHN D. BOTTI, Doing Business under the Firm Name and Style of MIDDLETOWN NEWS COMPANY OF MIDDLETOWN, NEW YORK, Respondent.— Appeal from decree of Surrogate's Court, Orange county, allowing a claim against an estate in the sum of $232.40 for the value of the delivery of a newspaper to decedent from 1918 to 1936. Decree reversed on the law and the facts, without costs, and matter remitted to the Surrogate's Court for a new hearing. The Statute of Limitations was not rendered inapplicable by reason of the purported proof with respect to part payment on account. While the books of account were properly received in evidence (*Mantha Co., Inc.*, v. *DeGraff*, 242 App. Div. 666; affd., without opinion, 266 N. Y. 581), such proof was merely evidence, in so far as the controversy here is concerned, of a sum due. The decision in that case was made upon the ground that the books did not involve a personal transaction between the decedent and

the person whose testimony was challenged. The books did not and could not constitute evidence of payments on account by decedent with the intention of having them apply in a manner which would exclude the operation of the Statute of Limitations, as for that purpose they would be purely hearsay and self-serving. (*Crow* v. *Gleason*, 141 N. Y. 489; *Adams* v. *Olin*, 140 id. 150, 159, 160.) Testimony of claimant independent of the books was barred by section 347 of the Civil Practice Act. Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur; Carswell, J., concurs in result.