HIGGINS, administrator, *v.* TRENTHAM *et al.*

No. 12277.  JUNE 17, 1938.

*Mundy & Mundy, Hamilton Kimzey,* and *Herbert B. Kimzey,* for plaintiff.

*Owen & Gross* and *J. B. Edwards,* for defendant.

ATKINSON, Presiding Justice. ■ The rulings announced in the first headnote do not require elaboration.

■ The first special ground of the motion for a new trial complains of this instruction to the jury: "To establish incapacity in

a grantor, he or she must have been shown to have been, at the time the contract was made, non compos mentis, which means entirely without understanding." This instruction is criticised, in part, as stating an unsound abstract principle of law, because the "rule of law is that to establish incapacity in a grantor it is sufficient to show that she did not have sufficient mind and reason equal to a clear understanding of the nature and consequence of her act in making the contract," and as confusing and misleading. The rule of law stated in the criticism was recognized and applied in *Ison* v. *Geiger*, 179 *Ga.* 798 (177 S. E. 596); *Taylor* v. *Warren*, 175 *Ga.* 800 (166 S. E. 225). In *Barlow* v. *Strange*, 120 *Ga.* 1015 (2) (48 S. E. 344), the court charged: "A person is insane when he or she is not possessed of mind and reason equal to a full and clear understanding of the nature and consequence of his or her act in making the contract." Concerning this it was said: "A charge in almost the same language as that complained of was, in *Frizzell* v. *Reed*, 77 *Ga.* 724, held to be sound law, although it was there said that it was not appropriate to the peculiar facts of that case. See also, in this connection, Clark on Contracts, 263, § 141. In *Maddox* v. *Simmons*, 31 *Ga.* 512, 527, Judge Lumpkin used this language: 'I assume, in the first place, that to establish incapacity in a grantor, he must be shown to have been, at the time, non compos mentis, in the legal acceptation of that term, which means, not a partial, but an entire, loss of understanding.' The rule thus laid down has been approved in two cases. See *Nance* v. *Stockburger*, 111 *Ga.* 821 (36 S. E. 100), and cit. There is no conflict between this rule and the one laid down in *Frizzell* v. *Reed*. Both recognize that in order to avoid a contract on account of mental incapacity, there must be an entire loss of understanding. The first case recognizes it in terms, and the second in effect. For one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding." Applying these principles, the charge upon which error is assigned in the instant case was not erroneous as stating an unsound principle of law.

█ The judge also charged substantially, though not in the identical language, as it is insisted he should have charged. If further instruction had been desired, stating the rule in the language expressed in the above-quoted criticism, there should have been an appropriate written request.

■ The charge was not confusing or misleading.

■ The foregoing ruling with reference to the criticism of the charge also disposes, adversely to the plaintiff, of the same question in so far as involved in the charge upon which error is assigned in special grounds 2, 3, and 4 of the motion for new trial.

■ Whether or not the portion of the charge complained of states a sound principle of law in cases where the evidence tends to show, not mere mental weakness, but delusions connected with the subject-matter, is a question not here involved.

■ Ground 5 of the motion for new trial complains of the charge: "After you have ascertained the facts, then you will apply the facts to the law, and then you are the sole judges of the law and the facts in this case." One criticism of this charge is that "it authorized the jury to determine the issues on those principles they believed to be the law, rather than the law as charged by the court." The judge elsewhere gave instruction: "I have submitted to you the issues in the case fully, and you will take the law as I have given you, and you will get the facts from the witness-stand; you have ascertained the facts from the witness-stand and the written evidence in the case, of all of which you are the sole judges." This being a civil case in which Code § 27-2301 is not applicable, the charge as given was erroneous; but the error of giving such a charge is not in every case cause for a reversal. *Vigal* v. *Castleberry,* 67 *Ga.* 600 (2) ; *Higginbotham* v. *Campbell,* 85 *Ga.* 638 (2) (11 S. E. 1027) ; *Atlantic & Birmingham Railway Co.* v. *Bowen,* 125 *Ga.* 460 (2) (54 S. E. 105) ; *Livingston* v. *Taylor,* 132 *Ga.* 1 (2) (63 S. E. 694). Considered in connection with the accompanying excerpt from the charge quoted above, the error in the charge would not alone require a reversal.

The rulings announced in headnotes 4, 5, 6, and 7 do not require elaboration. *Judgment affirmed. All the Justices concur.*