30826.  TENNESSEE, ALABAMA & GEORGIA RAILWAY
COMPANY *v.* WATTS.

DECIDED APRIL 16, 1945.

*Rosser & Rosser, James Maddox,* for plaintiff in error.

*G. W. Langford,* contra.

SUTTON, P. J.  Mrs. Bonnie Watts brought suit for damages against Tennessee, Alabama & Georgia Railway Company for $800. She alleged substantially that on the afternoon of November 16, 1942, certain servants and employees of the railway company negligently set fire to large quantities of grass, weeds, etc., on its property adjacent to and about 300 yards from her property, and that the fire was communicated to and burned over 25 acres of her timbered land; that it was an extremely dry season of the year, and at a time when a strong south wind was blowing from the direction of the fire so started on the premises of the defendant toward her property, and that the fire destroyed the growing timber on her land and also the treelaps and treetops on the ground; that the defendant's employees negligently guarded the fire and left the scene immediately, even though the fire, blown by the wind, was rapidly spreading northward to her property; that an ordinarily prudent person could have reasonably foreseen that the kindling of the fire would spread to her property and damage the same. She alleged that her timbered land consisted principally of small pine and oak trees, and that by reason of the fire the trees have been stunted in growth, permanently scarred, and have died, to the damage of $400; and that approximately 150 cords of pine stovewood on the ground of the value of $400 were destroyed by the fire.

The defendant in its answer denied that it had damaged and injured the petitioner, and denied the alleged acts of negligence on the part of its agents or employees.  It admitted that it did

burn some grass off its right-of-way property, and alleged that its employees left only after the fire was under perfect control; it denied there was any stovewood burned on the premises of the plaintiff except a few old treetops, and alleged that the fire burned only some underbrush and approximately three saplings; that the fire burned an area of not over 10 or 15 acres of the plaintiff's premises, that it was not negligently set out by the defendant, and that the defendant was not liable to the plaintiff in any sum.

The case proceeded to trial and at the conclusion of the evidence, the railway company admitted that it was negligent in permitting the fire to spread to the plaintiff's property, and contested the case only as to the question of the damages involved. The jury returned a verdict for the plaintiff for $383.33, with interest. The interest was written off by counsel for the plaintiff. The defendant filed a motion for new trial, which was overruled, and the exception is to that judgment.

■ L. W. Watts, the husband of the plaintiff, testified that about 25 acres of land was burned over, and that there was a considerable number of pine trees and a fine growth of young pines on the top of the ridge, but that there was no saw timber; that the fire burned some of the trees down and so burned and scorched others that they died; that he counted about 1500 trees on the 25 acres that were killed and these varied in size all the way from six inches up; that he had previously sold the sawmill timber on this land and estimated that there were about 150 cords of stovewood in the treelaps, worth $4 per cord, and that the laps were burned black and the people would not buy them for stovewood; and that in his opinion the trees destroyed were worth fifty cents each—pine, oak, and hickory. He further testified that his wife's place before this fire was worth $1800, and that since the fire it was worth about $1500. Mrs. Bonnie Watts, the plaintiff, testified: "I considered my property worth back in 1942 just prior to the fire over there at $1800. I figured it to be worth about $1500 immediately after the fire. I figure I was damaged by the fire, $800 to the growing timber and the wood that was burned. I had about 25 acres of land burned over." E. L. Voiles testified that he was, on the property of the plaintiff shortly after the fire, and that he estimated the damage to be about $500, based upon the damage to trees, and the estimated value of the treetops if converted into

stovewood. George Simmons, the father of the plaintiff, testified that he had been familiar with the plaintiff's property for 35 or 40 years and that in his opinion the damage to the property was $750; that she lost about 200 cords of treelaps valued at $100; and that no saplings are growing now where the fire was.

The substance of the testimony of a number of witnesses for the railway company was to the effect that they had visited the scene of the fire, and, according to their testimony, the burned acreage varied from four to six acres of hilly land, and that two or three saplings about three inches in diameter, but not exceeding fifteen, were killed by the fire, and some were damaged and scorched; that the estimated damage to the plaintiff's property varied from $5 to $40; that the treelaps there would make less than seven cords of wood; that the company's employees kindled a fire on its own premises to burn off grass and weeds, and that the fire did spread over a small area of the Watts property, but that it was extinguished before they left the scene.

The testimony is in conflict as to the damages sustained by the plaintiff as a result of the fire, but the finding of $383.33 is well within the range of the evidence, and we think the verdict for that amount was authorized by the evidence. The court did not err in overruling the motion for new trial on the general grounds.

■ Special ground 1 assigns error upon the failure of the court to give in charge to the jury the following request: "Where personal property is damaged by the tortious act of another, the measure of damages is the difference in value of the property before the damage and afterward." The court charged the jury in this respect: "As to the other element of damage, that is, the treetops or laps, you look to the evidence in this case and see what the fair market value of these treetops or laps [was] . . at that time, that is, what the value of it was on the property at the time of the fire and not what it might have been worth after conversion into merchantable stovewood at the time of the fire." In view of the testimony to the effect that some of the treetops were burned and destroyed and others damaged and blackened by the fire which rendered them valueless, the charge as given by the court was applicable and adjusted to the pleadings and the evidence, and the court did not err in failing to give the written request as complained of in the first special ground of the motion.

Special grounds 3, 4, 5, 7, 8, and 10 of the motion assign error on certain excerpts from the charge of the court. We have carefully considered these exceptions, and do not think any harmful error is shown by any of them; especially is this true when they are considered in connection with the charge as a whole. The charge was full and fair and was adjusted to the pleadings and the evidence in the case.

The verdict was authorized by the evidence; no harmful error appears; and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Felton and Parker, JJ., concur.*