PARIS *v.* PARIS, administratrix, *et al.; et vice versa.*

Nos. 17237, 17238.  October 11, 1950.

*Ingram & Tull*, for plaintiff in error.

*J. L. Davis*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ Special grounds 1, 2, and 4 of the amended motion for new trial complain that the court erred in permitting Mr. and Mrs. McPhail to testify regarding statements made by the father that the papers were delivered to the defendant for safekeeping, and not as an outright gift to him, and in charging that the evidence was admitted for a limited purpose.

"The delivery of personal property by a parent into the exclusive possession of a child living separate from the parent shall

344

create a presumption of a gift to the child. This presumption may be rebutted by evidence of an actual contract of lending, or by circumstances from which such a contract may be inferred." Code, § 48-105.

"Declarations of the donor made after the time of the alleged gift, and while the donee was in possession, are not admissible to disprove the gift, although other declarations admitting the gift are in evidence for the donee." *Porter* v. *Allen*, 54 *Ga.* 623 (6) ; *Blalock* v. *Miland*, 87 *Ga.* 573 (5) (13 S. E. 551) ; *Ogden* v. *Dodge County*, 97 *Ga.* 461, 464 (25 S. E. 321) ; *Deal* v. *Moseley*, 147 *Ga.* 523 (2) (94 S. E. 1013) ; *Higgins* v. *Trentham*, 186 *Ga.* 264 (1) (197 S. E. 862) ; *Miller* v. *Everett*, 192 *Ga.* 26 (4) (14 S. E. 2d, 449) ; *Gullatt* v. *Thompson*, 57 *Ga. App.* 669 (3) (196 S. E. 107). Counsel for the defendant insist that the evidence objected to constituted self-serving declarations by the deceased, and was hearsay and prejudicial.

The testimony objected to was admitted for the purpose of throwing light on the circumstances surrounding the delivery of the papers. Under the above authorities the evidence was not admissible for any purpose, and the court erred in admitting the testimony objected to, and in instructing the jury that it was admitted for a limited purpose.

■ Special ground 3 complains that the court erred in refusing to direct a verdict for the defendant. The evidence showing that there was an issue of fact as to whether the intestate intended to make a gift, the court did not err in such refusal.

■ As a new trial will be granted, no ruling is made on the sufficiency of the evidence to support the verdict.

■ The court did not err, as complained of in the cross-bill of exceptions, in excluding evidence of the petitioner to the effect that her husband stated to her shortly before taking the papers to his son, that he was delivering them for safekeeping and not as a gift.

*Judgment reversed on the main bill of exceptions; cross-bill of exceptions affirmed. All the Justices concur.*