JACKSON *et al. v.* JACKSON *et al.*

No. 17729.   Argued January 15, 1952—Decided April 14, 1952—
Rehearing denied May 14, 1952.

*A. C. Felton III,* for plaintiffs.

*Alex W. Smith,* for persons at interest, not parties to record.

*Geo. B. Culpepper Jr.* and *Geo. B. Culpepper III,* for defendants.

PER CURIAM. When this case was previously before this court (*Jackson* v. *Jackson,* 206 *Ga.* 470, 57 S. E. 2d, 602), it was there held that the evidence was insufficient to support the verdict. Upon another trial the jury again returned a verdict for the plaintiff. In the record of the second trial we can find no substantial difference in the evidence from that adduced upon the former trial, and accordingly, whether the ruling upon the evidence when previously before this court was right or wrong, it has become the law of the case. *Langston & Crane* v. *Anderson,* 69 *Ga.* 65; *Cannon* v. *Central of Georgia Ry. Co.,* 111 *Ga.* 837 (36 S. E. 99); *Citizens & Southern Nat. Bank* v. *Clark,* 172 *Ga.* 625 (158 S. E. 297).

It is insisted that in the second trial the evidence given by H. Huckabee was additional and substantial evidence, sufficient to prevent the law of the case from being applicable, and to authorize the verdict; his evidence being that, in the course of conversation with Sam Jackson, Sam showed him a savings passbook issued by the Citizens Trust Company in the name of Mary Ella Kendrick, who, Sam said, was his sister. Mr. Huckabee testified that it was the custom in the banking business that, in order to withdraw funds from a savings account, the passbook must be presented. He further testified that he said, "Sam, that is somebody's else's passbook." Sam said, "Yes, sir, but that is my money."

We cannot see that the possession of the savings passbook by Sam Jackson, or the fact of the custom in the banking business not to permit withdrawals except upon presentation of the passbook, is the addition of any substantial fact to the record previously before this court.

Neither do we think that his declaration, "Yes, sir, but that is

my money," is anything but pure hearsay evidence and could have any probative value. "Declarations of the donor made after the time of the alleged gift, and while the donee was in possession, are not admissible to disprove the gift, although other declarations admitting the gift are in evidence for the donee." *Paris* v. *Paris,* 207 *Ga.* 341 (61 S. E. 2d, 491), and citations. "Declarations of a person since deceased, wholly in favor of the interest of the declarant, and which are not a part of the res gestae, are mere hearsay and not admissible in evidence." *Drawdy* v. *Hesters,* 130 *Ga.* 161 (2) (60 S. E. 451, 15 L. R. A. (N.S.) 190). Nor does such evidence have any probative value. *Higgins* v. *Trentham,* 186 *Ga.* 264 (197 S. E. 862).

*Judgment reversed. All the Justices concur, except Atkinson, P.J., Head and Almand, JJ., who dissent.*

ATKINSON, Presiding Justice, dissenting. In the previous decision (*Jackson* v. *Jackson,* 206 *Ga.* 470), it was stated that there was nothing in the record to show the deposit here in question was a savings account, or a commercial checking account. Upon the second trial, it was shown to be a savings account, and in addition thereto there was evidence that Sam Jackson had the passbook in his possession, and that it was the custom in the banking business that, in order to withdraw funds from a savings account, the passbook must be presented. This was a material fact to be considered by the jury, in connection with other evidence, in determining whether there had been a complete renunciation of any right of Sam Jackson over the deposit. The vital question here was, whether the deposit of $12,152.42 in the name of Mary Ella Kendrick, made by her brother, Sam Jackson, was, in fact, a gift. "To make a valid gift, there must be a present intention to give, and a complete renunciation of right, by the giver, over the thing given, without power of revocation, and a full delivery of possession as a gift, inter vivos." *Mims* v. *Ross,* 42 *Ga.* 121 (2); *Clark* v. *Bridges,* 163 *Ga.* 542 (136 S. E. 444). There was no evidence in either trial that Mary Ella Kendrick had ever drawn out any funds from this deposit except when she was accompanied by Sam Jackson, who wrote out the checks and applied the proceeds to his own use. Upon the second trial, it was shown that this was a savings account, that the custom in the banking business required the presentation of the

passbook in order to make withdrawals, and it was undisputed that Mary Ella Kendrick had never had possession of the passbook, but that it was in the possession of Sam Jackson until his death. As between these two the deposit was under joint control; he could not have drawn out these funds without having her sign a check, nor could she have done so without his consent to produce the passbook. These were facts from which the jury were authorized the find that by the retention of this control over the funds by Sam Jackson, there was not such a complete renunciation of his dominion over it as is necessary to constitute a gift under Code § 48-103.

In addition to the foregoing, Huckabee also testified that Sam, while in possession of the passbook said, "Yes, sir, but that is my money." Under the testimony of Huckabee previously referred to, the jury were authorized to find that, as between the alleged donor and donee, there was a joint control of this deposit, and this being so, such declaration was proper to further prove and establish his adverse possession under Code, § 38-308. Such declarations to establish adverse possession are not confined to the possession of realty, but are also applicable to possession of personalty. *Hansell* v. *Bryan*, 19 *Ga.* 167 (2). And this is true though the possession be joint. *Dawson* v. *Callaway*, 18 *Ga.* 573 (4). Relinquishment of possession is an element essential to a gift under Code § 48-101, and any evidence going to show possession in the alleged donor was material to the issue and proper to be considered by the jury, along with other facts, in determining the issues.