34201. MORGAN *v.* BLACK.

DECIDED SEPTEMBER 18, 1952.

*Williams & Smith,* for plaintiff in error.

*Grayson C. Powell,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special grounds 3 and 4 complain that the verdict is excessive, is not based on any evidence justifying the amount awarded and warranting the rendition of a verdict in this amount. Special ground 8 assigns error on the failure of the court to charge without request the law as to the measure of damages. These grounds are considered together.

Code § 105-2001 provides as follows: "Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. If the injury is small, or the mitigating circumstances are strong, nominal damages only are given." The measure of damages for injury to timber in a case of this kind is the difference in value immediately before and immediately after such injury, and a charge which substantially so informs the jury is sufficient. *Tennessee, Alabama & Ga. Ry. Co. v. Watts,* 72 *Ga. App.* 377 (33 S. E. 2d, 736). However, "proof of a tortious invasion of one's property rights can not, unless supplemented by evidence disclosing the extent of the loss thereby inflicted upon the injured party, afford a basis for

the recovery by him of more than nominal damages." *Swift* v. *Broyles,* 115 *Ga.* 885 (1) (42 S. E. 277, 58 L. R. A. 390). There must be sufficient evidence from which the damage can be estimated, and this must include some facts and circumstances from which the jury may arrive at a just amount of monetary compensation, whether by proof of the value of the property before the damage and facts showing the value after the loss, or at least the extent of the loss and its consequent effect upon the value. *French Dry Cleaning Co.* v. *Clay,* 34 *Ga. App.* 547 (1) (130 S. E. 372); *Moss & Co.* v. *Ga. R. & Bkg. Co.,* 144 *Ga.* 173 (86 S. E. 550). Here there is no evidence whatever as to the value of the slash pine either before or after the fire, no evidence of the decrease in value of the property, and very confused and conflicting evidence as to the size and quantity of pines burned. The judge in his charge did not touch at all upon the measure of damages. It is error to fail to give the jury any rule by which damages may be calculated (*Central of Ga. Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (4), 94 S. E. 50; *Central of Ga. Ry. Co.* v. *Madden,* 135 *Ga.* 205, 69 S. E. 165), especially in a case of this kind which does not fall into that class where the plaintiff, if entitled to recover at all, will recover a sum certain or easily ascertainable from the evidence as a whole. See *Central of Ga. Ry. Co.* v. *Hughes,* 127 *Ga.* 593 (3) (56 S. E. 770).

The evidence here as to damages is so weak and unsatisfactory that it would hardly sustain a verdict for the plaintiff in any amount of more than nominal damages, and the failure of the court to give the jury a rule for ascertaining the measure of damages was clearly error. Grounds 3, 4 and 8 of the amended motion for a new trial should have been sustained.

■ Special ground 6 complains of a sentence in the charge of the court as follows: "Now, this is one of the peculiar cases at law of which is entirely within the province of the jury to settle." The word "peculiar" in this sense, as meaning characteristic of or belonging to a particular group, is not improperly used and would in no event be more prejudicial to one party than to the other.

■ The charge complained of in ground 7, that the jury are the judges of both the law and the facts, is not applicable to civil cases. *Vigal* v. *Castleberry,* 67 *Ga.* 600. However, it is un-

necessary to decide here whether or not this. error was so harmful as to cause a reversal of the case, since on another trial it is unlikely to recur. See also *Higgins* v. *Trentham*, 186 *Ga.* 264 (3) (197 S. E. 862).

Special grounds 1, 2, 3, and 5 are but amplifications of the general grounds, and are not here passed upon as this case is to be tried again.

The trial court erred in overruling the motion for a new trial for the reasons set forth in division one of this opinion.

*Judgment reversed.  Gardner, P.J., and Carlisle, J., concur.*