18533.   JACKSON *et al. v.* JACKSON *et al.*

Submitted March 9, 1954—Decided April 14, 1954—
Rehearing denied May 13, 1954.

644

646

*Culpepper & Culpepper, Geo. B. Culpepper,* for plaintiffs in error.

*A. C. Felton, III,* contra.

HEAD, Justice. The amended grounds of the motion for new trial amount to no more than an attempt to elaborate upon the general grounds. Therefore, the sole question before this court is whether there is any new and material evidence offered by the plaintiffs of so substantial a nature as to support a finding for them.

The opinion of the trial judge clearly shows that at the last trial there was no new evidence of a substantial and material character, nor any substantial variation from the evidence produced on the former trials. The judge did not elaborate upon the testimony of the witness W. A. Williams. This witness testified in regard to a conversation had by him with Mary Ella Kendrick, one of the defendants, the substance of his testimony being: "She [Mary Ella Kendrick] said that all she got out of the estate was $300 and didn't know anything about the rest of this money. She said some of the relatives offered her $300 to sign a check for some money in Atlanta. She said some of Sam's

boys offered her $300 to sign the check. She said they gave her $300. She said she didn't know what the amount of money was in the bank but that if the white people had told her about this money she never would have signed that check." This evidence was not offered for the purpose of impeaching the witness, Mary Ella Kendrick. If it was admissible for any purpose (and no ruling is made as to its admissibility, since this question is not before us), and if the evidence should be accepted as true, it is not at substantial variance with the testimony of Mary Ella Kendrick.

The trial judge correctly ruled that, under the law of the case, he was required to find for the defendants.

*Judgment affirmed. All the Justices concur.*

HEAD, Justice, concurring specially. On the second review of this case (*Jackson* v. *Jackson*, 209 *Ga.* 85, 70 S. E. 2d 592), I was of the opinion that there was a substantial variation in the evidence favorable to the plaintiff, and that the former decision (*Jackson* v. *Jackson*, 206 *Ga.* 470, 57 S. E. 2d 602), was not, therefore, controlling. The majority of this court ruled to the contrary. I now feel that I am bound not only by the first opinion, which was a full-bench decision, but by the majority opinion on the second appearance of the case. I have carefully examined the evidence of all three cases insofar as it is material to a judgment in the present case, and I am convinced that the trial judge arrived at the correct conclusion under the former rulings of this court.