22683. BEDINGFIELD v. BREWER.

ARGUED OCTOBER 12, 1964—DECIDED NOVEMBER 19, 1964.

456

*E. L. Stephens, Jr.,* for plaintiff in error.

*William M. Towson,* contra.

QUILLIAN, Justice. This is an equitable case involving a controversy between coterminous land owners as to the boundary line between their land lots. The plaintiff contended the line was marked by an old fence erected by the parties' predecessors in title and recognized for thirty years as following the course of the dividing line. His proof utterly failed to establish as a fact that the fence was constructed by a predecessor in title of either party and fell short of showing any recognition of the fence as being upon the line until the plaintiff purchased and went into possession of his lot in the year 1946. The plaintiff submitted evidence that, if not contradicted, would have been barely sufficient to support his contention that during the time he was in possession of his land lot the immediate predecessor in title of the defendant acquiesced in the fence as the dividing line for a period of seven years. However, the defendant introduced evidence on the issue that was in direct conflict with that of the plaintiff, which fully authorized the finding that there was no such recognition or acquiescence on the part of the defendant's predecessor in title.

The defendant contended and introduced evidence that the line followed the original line dividing the lots of the land district in which both parties' lots were situated. He adduced ample evidence to support his contention.

By way of cross action the defendant alleged the plaintiff had willfully trespassed upon his lot and destroyed a fence he erected on his side of the dividing line. He claimed general and special damages. The jury awarded him the sum of $200. The value of the fence or the costs of replacing it were not proved nor was there any evidence upon which exact computation of special damages could be based. The evidence failed to prove the defendant's right to special damages. *Miller v. Luckey,* 132 Ga. 581, 583 (64 SE 658); *Edelson v. Hendon,* 77 Ga. App. 395 (48 SE2d 705); *Morgan v. Black,* 86 Ga. App. 775 (72 SE2d 558).

However, as held in *Swift v. Broyles,* 115 Ga. 885, 887 (42 SE 277, 58 LRA 390), general damages may be awarded where there is a trespass upon the property of another which interferes with the owner's peaceful enjoyment of his use of the premises. There is no fixed standard for the determination of the amount of general damages and proof from which the exact computation can be arrived at is not required. Evidence may be submitted from which the jury may fairly estimate the amount of general damages that will reasonably compensate for the wrong done. *Moss & Co. v. Ga. R. & Bkg. Co.,* 144 Ga. 173, 174 (86 SE 550).

Where it is contended the amount of general damages awarded is excessive, the question may be raised by a special ground of motion for new trial, which was not done in this case.

The verdict finding for the defendant and awarding him damages was supported by the evidence.

*Judgment affirmed. All the Justices concur.*