43107. F. & W. FARM SERVICE, INC. v. CITIZENS & SOUTHERN NATIONAL BANK, Executor.

HALL, Judge. In this action on account against the executor of a decedent's estate the plaintiff appeals from the judgment denying his motion for summary judgment.

1. Irrespective of questions of the admissibility of other evi-

dence submitted by the plaintiff, the evidence of the charges to the decedent on the plaintiff's business records which were proved as provided by law (Ga. L. 1952, p. 177; *Code Ann.* § 38-711), was sufficient to support a judgment in favor of the plaintiff. *One In All Corp. v. Fulton Nat. Bank,* 108 Ga. App. 142, 144 (132 SE2d 116). Business records of accounts that are admissible under the Georgia Business Records Act, supra, are admissible against a deceased debtor. In re McKeehan's Estate, 358 Pa. 548 (57 A2d 907); In re Cameron's Estate, 388 Pa. 25 (130 A2d 173); Botti v. Horton's Estate, 5 NYS 2d 284 (254 App. Div. 889); Exchange Nat. Bank of Florida v. Hospital & Bd. of Hillsborough County, (Fla.) 181 S2d 9; 5 Wigmore on Evidence (3d Ed.) 407, § 1554; 30 AmJur2d 45, Evidence, § 925.

It is contended that this court is destroying or changing the public policy of this State. On the contrary, we are following the express mandate of the General Assembly. The Act of 1952 (*Code Ann.* § 38-711, supra) specifically states that "any writing or record . . . made as a memorandum or record of any act, transaction . . . shall be admissible in evidence in proof . . . if the trial judge shall find that it was made in regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act . . . or within a reasonable time thereafter" and that "this section shall be liberally interpreted and applied."

2. The evidence presented by the defendant of declarations of the deceased that he did not owe the charges was inadmissible. *Code* § 38-301; *Higgins v. Trentham,* 186 Ga. 264 (197 SE 862); *Rabun v. Wynn,* 209 Ga. 80 (70 SE2d 745); *Gullatt v. Thompson,* 57 Ga. App. 669, 674 (196 SE 107).

3. The defendant not having contradicted the plaintiff's evidence, the trial court erred in denying the plaintiff's motion for summary judgment. *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146, 148 (132 SE2d 90).

*Judgment reversed. Bell, P. J., Jordan, P. J., Eberhardt, Pannell, Deen, Quillian and Whitman, JJ., concur. Felton, C. J., dissents.*

SUBMITTED OCTOBER 2, 1967—DECIDED NOVEMBER 14, 1967—
REHEARING DENIED DECEMBER 4, 1967.

*Carlisle & Chason, Willard H. Chason,* for appellant.

*Sell & Comer, E. S. Sell, Jr., John D. Comer,* for appellee.

FELTON, Chief Judge, dissenting. I dissent from the judgment of reversal on the theory given in the majority opinion. The majority's judgment is based solely on the affidavits of Annie Laurie Willis. In my opinion it was not the intention of the legislature by the passage of Ga. L. 1952, p. 177 (*Code Ann.* § 38-711) to repeal Ga. L. 1889, pp. 85, 86; Ga. L. 1953, Nov. Sess., pp. 319, 320 (*Code Ann.* § 38-1603 (3)) and permit by indirection that which could not be done directly. In one affidavit it is implicit that Ralph A. Hammett, agent of F. & W. Farm Service, Inc., told Mrs. Willis, another agent of appellant, that B. R. McNair authorized the delivery of the ammonia to B. R. McNair. (The affidavit of Hammett, not considered by the majority, shows that he himself delivered the ammonia and applied it to the McNair farm.) In my opinion, under *Code Ann.* § 38-711 no inference can be drawn from course of business records, *direct evidence of which is prohibited by Code Ann. § 38-1603 (3).* If Mr. McNair had lived, the agent of F. & W. Farm Service, Inc., could have testified that he sold and delivered the goods to B. R. McNair. Now, he could not so testify. Mrs. Willis' affidavits show that the ammonia was "assigned" to McNair Farms. That could be construed to mean that it was so designated for the record of the agent of the alleged seller who was to deliver and apply it. There is no competent evidence that Mr. McNair authorized Hammett to have it assigned to McNair or that McNair authorized Hammett to apply it to his farm on his credit. If this decision is allowed to stand, the estates of deceased persons could be at the mercy of the unscrupulous. The records Act was not intended to evade the rule against hearsay in all circumstances or the age-old rule of incompetency of witnesses. Mrs. Willis' affidavits, as to the matters mentioned, must go out under the principles discussed in the absence of a statute or binding decision. The majority opinion, in my judgment, destroys and changes the public policy of this State in the areas dealt with. Such a sweeping repeal of laws by implication, in my judgment, was not intended.