A02A0884. EVANS COUNTY BOARD OF COMMISSIONERS et al. v. CLAXTON ENTERPRISE.
(566 SE2d 399)

PHIPPS, Judge.

The main issue in this case is whether a litigant who proves a violation of Georgia's Open Meetings Act[1] is entitled to attorney fees incurred in litigating the matter on appeal. We hold that such fees are recoverable. We also hold that they — along with attorney fees for trial level work — were appropriately awarded in this case.

The Claxton Enterprise, a newspaper, sued the Evans County Board of Commissioners for violating the Open Meetings Act by closing certain meetings to the public.[2] The trial court ruled that one meeting had been illegally closed, but a second meeting had not. The Enterprise sought $9,699.88 in attorney fees under OCGA § 50-14-5 (b), which states that in any action brought to enforce the provisions of the Open Meetings Act

> in which the court determines that an agency acted without substantial justification in not complying with [the Act], the court shall, unless it finds that special circumstances exist, assess in favor of the complaining party reasonable attorney's fees and other litigation costs reasonably incurred. Whether the position of the complaining party was substantially justified shall be determined on the basis of the record as a whole which is made in the proceeding for which fees and other expenses are sought.

The court awarded $1,500 because "although the evidence shows there was no bad faith on the part of the Commission, the fact

---

[1] OCGA § 50-14-1 et seq.
[2] See *Claxton Enterprise v. Evans County Bd. of Commrs.*, 249 Ga. App. 870 (549 SE2d 830) (2001), for a more detailed discussion of the background facts.

remains that the public was wrongfully excluded in violation of the law."[3]

On appeal, we affirmed in part and reversed in part, holding that the closure of both meetings had violated the Act.[4] We also held that the Board had violated the Act by failing to timely record the minutes of one closed meeting and an affidavit explaining the reason for its closure.[5] Finally, we held that the trial court, which apparently had awarded attorney fees simply because the Board had violated the Act, had applied an incorrect standard in determining whether fees were warranted. We instructed the court that

> [u]pon remand, in determining whether to award fees, [it] must first consider whether the Board's noncompliance with the Act was without, or "lacked," substantial justification. "Lacked substantial justification" has been identified in the attorney fees context as "substantially frivolous, substantially groundless, or substantially vexatious." See OCGA §§ 9-15-14 (b); 9-15-15 (a); 43-1-19 (f); *Munoz v. American Lawyer Media*, 236 Ga. App. 462, 466 (2) (512 SE2d 347) (1999). If the court determines [that] the Board's noncompliance with the Act lacked substantial justification, it must award fees. The court may . . . reduce or eliminate the award completely, however, upon a finding of special circumstances that would, in the exercise of the court's discretion, justify such a decision.[6]

After remand, the trial court held a hearing on the attorney fees issue. The parties stipulated that the Enterprise had incurred attorney fees of $21,320.63, of which $9,699.88 represented charges for litigation in the trial court and the remainder represented charges for the appeal. The Board did not contend that the fees were unreasonable for the work performed. Instead, the Board argued that the Enterprise could recover only attorney fees associated with trial court litigation, not those for appellate litigation. The Board also argued that the trial court's prior finding that the Board had not acted in bad faith precluded a finding that the Board had acted "without substantial justification," as this court defined that term in *Claxton Enterprise*.

The trial court issued a written order finding, based on the record as a whole, that the Board lacked substantial justification for

---

[3] (Punctuation omitted.) Id. at 877 (5).

[4] Id. at 872-875 (1), (2).

[5] See id. at 876-877 (4); OCGA § 50-14-4 (b).

[6] *Claxton Enterprise*, supra at 878 (5).

closing both meetings and for failing to timely file the meeting minutes and affidavits and that there were no special circumstances that might affect an award of fees. The court also found that the Enterprise was entitled to attorney fees for both trial and appellate work. Accordingly, the court awarded the Enterprise the full amount of stipulated fees. The Board appeals.

1. The Board argues that the trial court's conclusion that the Board acted without "substantial justification" was erroneous in light of its earlier finding that the Board did not act in bad faith. But acting without substantial justification and acting in bad faith are not synonymous, as we explained in *Claxton Enterprise*. One meaning of "lacked substantial justification" is "substantially groundless."[7] Based on this definition and our review of the factual record, we find no clear error in the trial court's determination that the Board's closure of the meetings and untimely filing of the minutes and affidavits lacked substantial justification.

2. The Board argues that the trial court should have found that its lack of bad faith was a "special circumstance"[8] supporting a reduction or elimination of the fee award. The Board also argues that other "special circumstances" include the fact that it took no official action at the closed meetings and that the Open Meetings Act is a relatively new law with little authority interpreting it.

Determining whether there are special circumstances that would justify a reduction or elimination of a fee award is within the discretion of the trial court.[9] We find no abuse of discretion here. As we noted in *Claxton Enterprise*, although the trial court found that the Board did not act in bad faith, the evidence showed that it changed its stated reason for closing the first meeting without explanation and approached its obligations under the Act with a "cavalier attitude."[10] And it offered no explanation, either initially or on remand, for its late filing of the meeting minutes and affidavit. That no official action was taken at the closed meetings is not necessarily a "special circumstance" because the need for open government is not limited to meetings in which formal measures are taken. As the Enterprise points out, the events of closed meetings could lead to later official action. Finally, contrary to the Board's assertion, any lack of authority interpreting the Act does not require a finding of "special circumstance."

3. The Board contends that the trial court erred in awarding attorney fees that the Enterprise incurred in the first appeal to this

[7] Id.
[8] OCGA § 50-14-5 (b).
[9] *Claxton Enterprise*, supra at 878.
[10] Id. at 876 (4).

court. Whether attorney fees for appellate work are recoverable under the Open Meetings Act is an issue of first impression in Georgia, although other states have ruled that such fees are compensable under their open government laws.[11] We hold that the Act permits recovery of costs and attorney fees for litigation in appellate courts when such costs and fees otherwise would be compensable under OCGA § 50-14-5 (b).

First, nothing in the Act limits recovery of attorney fees to those incurred in trial court litigation. OCGA § 50-14-5 (b) provides that whether the position of the party claiming a violation of the Act was substantially justified shall be determined based on "the record as a whole which is made *in the proceeding for which fees and other expenses are sought.*"[12] The use of the general term "proceeding," which can apply to a court of any level, suggests that the recovery of fees was not intended to apply only to litigation in a trial court.

Second, permitting recovery of fees and costs incurred on appeal would further the purpose of the Act. The Act was intended "to protect the public — both individuals and the public generally — from 'closed door' politics and the potential abuse of individuals and the misuse of power [that] such policies entail."[13] The Act encourages private enforcement of its provisions by making attorney fees compensable, and that encouragement would be significantly weakened by prohibiting recovery of attorney fees incurred on appeal. In this case, the Enterprise could not have fully prevailed without the appeal in which it incurred additional legal fees. Because appeal is often an integral part of litigation to enforce the Act, recovery of attorney fees should not exclude those incurred on appeal.

The Board argues that this issue should be governed by case law interpreting OCGA § 9-15-14, which allows recovery of costs and attorney fees for frivolous litigation in "any civil action in any court of record" in Georgia. In *Dept. of Transp. v. Franco's Pizza &c.*,[14] we held that that statute does not allow a trial court to require payment of attorney fees and expenses for litigation before appellate courts. We reasoned that the language of OCGA § 9-15-14 implicitly permitted a trial court to award fees and expenses of litigation only for pro-

---

[11] See *Intl. Longshoremen's &c. Union v. Los Angeles Export Terminal*, 69 Cal. App.4th 287, 303-304 (81 Cal. Rptr.2d 456) (1999); *Piazza v. City of Granger*, 909 SW2d 529, 535 (Tex. App. 1995); *Brown v. East Baton Rouge Parish School Bd.*, 405 S2d 1148, 1156-1157 (La. App. 1981).

[12] (Emphasis supplied.)

[13] (Citation and punctuation omitted.) *Beck v. Crisp County Zoning Bd. of Appeals*, 221 Ga. App. 801, 803 (472 SE2d 558) (1996).

[14] 200 Ga. App. 723, 727-728 (5) (409 SE2d 281) (1991), overruled on other grounds, *White v. Fulton County*, 264 Ga. 393, 394 (1) (444 SE2d 734) (1994); see also *Harkleroad v. Stringer*, 231 Ga. App. 464, 472 (6) (499 SE2d 379) (1998).

ceedings before *that court*. And because other authority allows this court to assess damages or penalties for frivolous appeals,[15] a party to a frivolous appeal has an adequate remedy. Finally, we noted that the trial court lacked jurisdiction over the case during appeal.

None of these reasons applies here. OCGA § 50-14-5 neither explicitly nor implicitly confines a trial court's attorney fees award to proceedings before the trial court. On the contrary, as noted above, the language of OCGA § 50-14-5 suggests an applicability to proceedings in any court. Moreover, we are not aware of any authority that would allow this court to impose attorney fees for a violation of the Open Meetings Act. While OCGA § 5-6-6 and Court of Appeals Rule 15 allow us to impose damages and penalties for frivolous appeals, they do not allow us to award attorney fees for unjustified violations of the Open Meetings Act. OCGA § 50-14-5 expressly vests jurisdiction to award such fees in the superior courts of this state, not in the court of appeals. Thus, our holding in *Dept. of Transp. v. Franco's Pizza &c.* is not controlling here.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 6, 2002 — ▮

*Callaway, Neville & Brinson, William E. Callaway, Jr., William J. Neville, Jr.*, for appellants.

*Glen A. Cheney*, for appellee.

*King & Spalding, Joseph R. Bankoff, Thomas C. Lundin, Jr.*, amici curiae.

---

[15] See OCGA § 5-6-6; Court of Appeals Rule 15.