A04A1589. SLAUGHTER et al. v. BROWN et al.
(603 SE2d 706)

ANDREWS, Presiding Judge.

The Superintendent of Schools and members of the Stewart County Board of Education (Board) appeal following a bench trial in which the court found that the Board violated the Open Meetings Act, OCGA § 50-14-1 (d). The Board argues that the verdict is contrary to law, contrary to the evidence, and strongly against the weight of the evidence. After reviewing the record, we conclude there was sufficient evidence to support the trial court's verdict and affirm.

This case arose when several taxpayers in Stewart County filed suit against the Board and Superintendent, claiming they were dissatisfied with the manner in which the Board conducted its affairs, and alleging, inter alia, violations of the Open Meetings Act.

Following the Board's motion to dismiss, the parties agreed to the dismissal of all claims except one Open Meetings Act violation. This issue went to a bench trial and the court found in favor of the taxpayers. This appeal followed.

The Open Meetings Act requires agencies such as the Board of Education to give notice whenever a meeting is held at a time or place other than that prescribed for regular meetings. In counties such as Stewart County where the legal organ is published less than four times weekly, "due notice" consists of posting a written notice for at

least 24 hours at the place of regular meetings and "notice . . . upon written request from any local broadcast or print media outlet whose place of business and physical facilities are located in the county, notice by telephone or facsimile to that requesting media outlet at least 24 hours in advance of the called meeting." OCGA § 50-14-1 (d).

In this case, the evidence was that the Board historically held its monthly meetings at its central office. On August 23, 2001, the Board placed a notice in the Stewart-Webster Journal, the county legal organ, announcing the Stewart-Quitman Middle/High School Media Center as the new location for regular meetings for the remainder of the year.

One week after this notice was posted, the Board decided to hold a special called meeting at 6:00 p.m. on August 30, 2001. An employee of the Board posted a notice of the meeting at the Board's central office and at the Stewart County Courthouse between 9:30 and 10:00 a.m. on August 29, 2001. The posted notice stated that the special called meeting would be held at the high school media center. But, the meeting was not held at the media center; it was conducted instead at the Board's central office.

After hearing all the evidence, the trial court found that no notice was placed at the regular meeting place of the Board, the notice that was posted gave an incorrect meeting place, and the minutes of the meeting failed to include any mention of any special circumstances which necessitated holding a meeting without giving the required 24-hour notice. The court further found that there were no special circumstances which would justify the denial of plaintiffs' attorney fees. This appeal followed.

"On appellate review of a bench trial, the factual findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. In bench trials, the judge sits as trier of fact and the court's findings are analogous to a jury's verdict and should not be disturbed if there is any evidence to support them." *Zhou v. LaGrange Academy*, 266 Ga. App. 445, 449 (597 SE2d 522) (2004).

1. The Board claims the trial court erred in finding that no notice was placed at the regular meeting place of the Board. The Board argues that because the change of location was not set to take effect until September, the central office was still the regular meeting place on August 29 when the notice was posted.

But, the evidence shows that the notice said nothing about not taking effect until September, stating only that meetings would be conducted in the Stewart-Quitman Middle/High School Media Center on the 2nd Tuesday in each month and adding at the bottom a note stating "[c]hange of location for the remainder of the year." It is undisputed that no notice was posted at the media center, and the

Superintendent acknowledged that the notice that was posted gave the wrong location for the meeting.

In addition, the Board is not saved by the provision allowing for meetings to be held without proper 24-hour notice. OCGA § 50-14-1 (d) provides that if special circumstances require that a meeting be held with less than 24 hours notice, the agency must give such notice of, and reasons for, the meeting to the county legal organ as is reasonable under the circumstances. In such a situation, the Act also requires that the reason for holding the meeting within 24 hours and the nature of the notice used must be recorded in the minutes of the meeting. The Board did not comply with this provision. Accordingly, there was sufficient evidence to support the finding that the Board violated the requirements of the Open Meetings Act.

2. The Board also argues the trial court erred in finding that the meeting was held without substantial justification and there were no special circumstances which would support the denial of attorney fees to plaintiffs. OCGA § 50-14-5 (b) provides:

> In any action brought to enforce the provisions of this chapter in which the court determines that an agency acted without substantial justification in not complying with this chapter, the court shall, unless it finds that special circumstances exist, assess in favor of the complaining party reasonable attorney's fees and other litigation costs reasonably incurred. Whether the position of the complaining party was substantially justified shall be determined on the basis of the record as a whole which is made in the proceeding for which fees and other expenses are sought.

The Board claims that the taxpayers should not have been awarded attorney fees because they attempted to post proper notice of the called meeting in two places and they gave oral notice of the meeting to the county's legal organ.

First, we conclude that in light of the evidence discussed above, the trial court's finding that the Board acted without substantial justification in holding a meeting without giving proper notice, was not clearly erroneous. See *Evans County Bd. of Commrs. v. Claxton Enterprise*, 255 Ga. App. 656, 658 (566 SE2d 399) (2002).

Second, with regard to whether special circumstances exist to justify reduction or elimination of the award, that determination is within the discretion of the trial court and we find no abuse of that discretion. See *Evans County Bd. of Commrs. v. Claxton Enterprise*, supra. This Court has rejected the argument that lack of bad faith provides evidence of "special circumstances" when considering an award of attorney fees. Id. In addition, the Board's seemingly cavalier

attitude to their obligations under the Act supports the trial court's determination that there was no substantial justification for failing to comply with the notice provisions and no special circumstances that would justify the denial of attorney fees.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 20, 2004.

*Larry B. Mims,* for appellants.
*Worthington & Flournoy, Samuel W. Worthington III,* for appellees.