## A05A0071. In re ESTATE OF ZEIGLER.
(614 SE2d 799)

JOHNSON, Presiding Judge.

This case is before us for the second time to determine whether the probate court erred in removing Stacey Hatchett as the executrix of the estate of Alma J. Zeigler. In the first case, we reversed the probate court's removal of Hatchett as executrix, finding that Hatchett had not received the notice required by OCGA § 53-7-55.[1] Following appropriate notice and a hearing on the petition to remove Hatchett as executrix, the probate court once again issued an order removing Hatchett as executrix. Hatchett appeals, alleging the probate court erred in removing her as the executrix and erred in ordering her to post a supersedeas bond in the amount of $95,500. We find no error and affirm the probate court's order.

1. Hatchett first contends the probate court erred in removing her as executrix. The relevant facts show that Zeigler died in June 2001, and Hatchett, her granddaughter and a resident of Illinois, was named executrix in her will. The petition to probate the will was filed on July 20, 2001, and letters testamentary were issued to Hatchett on January 10, 2002. Item six of the will devised improved real estate in Savannah, Georgia to Rita Williams. Following remand of the first case before us, Williams filed a verified petition alleging that Hatchett was not fulfilling her fiduciary duties and praying for a rule nisi directing the executrix to appear to show cause why the relief prayed for should not be granted. A nonverified answer was filed by Fred Clark, Hatchett's attorney. Subsequently, Hatchett requested and received a two month continuance because she was teaching and attending graduate school and could not "currently commit the time to this hearing."

At the hearing on August 11, 2003, Hatchett admitted that she did not make an inventory of the assets of the household furniture or furnishings. She testified that Zeigler's adopted son had taken all appliances and household furnishings out of the residence and placed them in storage. However, she did not know the location of this property and only knew that the adopted son lived somewhere in Florida. Hatchett further admitted that she took no steps to recover

---

[1] *In re Estate of Zeigler*, 259 Ga. App. 807 (578 SE2d 519) (2003).

a diamond cluster ring which was on Alma Zeigler's finger at the time of her death, and had taken no steps to take possession of the van owned by Zeigler at the time of her death. Hatchett also acknowledged that she had not been in Savannah, Georgia, to see about the assets of the estate since she filed the petition to probate Zeigler's will in July 2001.

The main asset in the estate is a brick three bedroom home located in Savannah, Georgia. Hatchett testified that the house had been sold for $65,000 and produced a signed and dated closing statement, handwritten in pencil, which was prepared by Clark. She admitted that she had not obtained an appraisal of the property before selling it. According to Hatchett, she deposited the amount received for the sale of the house in her personal account, thus commingling those estate funds with her personal funds.

The Georgia Code places an executor in a fiduciary position. According to the Code, "[a] personal representative is a fiduciary who, in addition to the specific duties imposed by law, is under a general duty to settle the estate as expeditiously and with as little sacrifice of value as is reasonable under all of the circumstances."[2] The Code further provides that

> [u]pon the petition of any person having an interest in the estate or whenever it appears to the probate court that good cause may exist to revoke the letters of a personal representative or impose other sanctions, the court shall cite the personal representative to answer the charge. Upon investigation, the court may, in the court's discretion . . . [r]evoke the personal representative's letters.[3]

The probate court has broad discretionary powers to remove an executor upon a showing of waste, mismanagement or unfitness for the trust reposed in her.[4] The relevant question in reviewing a removal order is whether the trial court had grounds to conclude that there was "good cause" for the removal.[5] We review a probate court's order removing an executor under an abuse of discretion standard.[6]

Here, the probate court found good cause for Hatchett's removal as executrix of the estate of Alma Zeigler because she did not responsibly take control of the assets of the estate and commingled estate funds with her personal funds. Specifically, the probate court

---

[2] OCGA § 53-7-1 (a).

[3] OCGA § 53-7-55 (1).

[4] See *Nesmith v. Pierce*, 226 Ga. App. 851, 852 (1) (487 SE2d 687) (1997).

[5] See *In re Estate of Davis*, 243 Ga. App. 58, 63 (1) (532 SE2d 169) (2000).

[6] See *In re Estate of Moriarty*, 262 Ga. App. 241, 242 (2) (585 SE2d 182) (2003).

found that Hatchett consented to and allowed the removal of all furniture, appliances, and household goods from Zeigler's home to an undisclosed location, made no effort to recover a diamond cluster ring which was removed from Zeigler's hand after her death, made no effort to take possession of a van which was owned by Zeigler, and sold Zeigler's home without obtaining an appraisal or attempting to realize the best price on an open market. Based on the evidence in this case, the probate court did not abuse its discretion in removing Hatchett as the executrix of the estate of Alma Zeigler.

2. Hatchett contends the trial court erred in ordering her to post a $95,500 supersedeas bond, which she claims is in excess of the value of the property. Under OCGA § 5-6-46, the probate court has the discretion to fix the amount of the bond when a motion is filed requesting a supersedeas bond.[7] After examining the entire record in this case, including the contested values of Zeigler's home in Savannah, the amount of executor's fees, and the lack of any valuation as to the appliances, furniture, household belongings, diamond ring, and van, we find that the trial court did not abuse its discretion by requiring Hatchett to post a supersedeas bond in the amount of $95,500.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 27, 2005 —
RECONSIDERATION DENIED MAY 13, 2005 — ■■■■■■■

*Clark & Clark, Fred S. Clark*, for appellant.
*David H. Fritts*, for appellee.

---

[7] See *Cloud v. Ga. Central Credit Union*, 214 Ga. App. 594, 597 (7) (448 SE2d 913) (1994).