## A08A1457. IN RE ESTATE OF ZEIGLER.
### (671 SE2d 218)

PHIPPS, Judge.

In this third appearance of this case before this court,[1] we are asked to determine whether the probate court erred in ordering the former executrix of an estate, Stacey Hatchett, to pay compensatory and other damages to one of the estate's beneficiaries, Rita Williams; and in requiring Hatchett and her attorney, Fred Clark, to pay expenses of litigation, including attorney fees, to Williams. After an evidentiary hearing, the probate court based its judgment on its finding that Hatchett, with assistance from Clark, sought to prolong the probate court proceedings through appeals and other legal mechanisms while she wrongfully attempted to have the estate's primary asset, a house, conveyed to her.

On appeal, Hatchett and Clark contend that the probate court erred in finding that the sale of the house was wrongful and in finding that the evidence supported the awards of damages and litigation expenses to Williams. For the reasons set forth below, we find no error in the court's findings regarding the sale; we affirm certain of the court's awards, including an award of litigation expenses that included attorney fees; and we reverse one of the court's awards of compensatory damages due to lack of evidence supporting the award.

Hatchett was named executrix of the estate of her deceased grandmother, Alma J. Zeigler. In her will, Zeigler devised her house to Williams. Hatchett did not want Williams to receive the house, because Williams's husband had been convicted of murdering Alma Zeigler's husband (Hatchett's grandfather). Thus, Hatchett consid-

---

[1] See *In re Estate of Zeigler*, 273 Ga. App. 269 (614 SE2d 799) (2005) (*"Zeigler II"*); *In re Estate of Zeigler*, 259 Ga. App. 807 (578 SE2d 519) (2003) (*"Zeigler I"*).

ered contesting the will and expressed to her attorney, Clark, her desire that Williams not receive the house.

When Hatchett failed to attend a hearing concerning the estate, Williams successfully petitioned for Hatchett to be removed as executrix. We reversed Hatchett's removal because she had not received adequate notice,[2] and Williams again petitioned for Hatchett's removal. Hatchett obtained a continuance of the hearing on the petition, then arranged for the house to be sold to a friend. She gave her friend a bank check for $65,000, the purchase price of the house, that she had obtained with her own funds. The $65,000 purchase price was less than the house's market value of $88,000. Clark prepared the closing documents for the sale and represented both Hatchett and the buyer in the transaction. Hatchett received from the buyer checks totaling $65,000.

On August 11, 2003, the probate court held a hearing on the petition for Hatchett's removal as executrix, at which evidence was presented concerning the circumstances of the house sale. The court ordered Hatchett removed as executrix. Hatchett subsequently deposited the proceeds from the house sale into her personal bank account. In December 2003, after Williams's counsel threatened legal action, title to the property was transferred from Hatchett's friend back to the estate through a quitclaim deed.

In April 2005, we affirmed the probate court's removal of Hatchett as executrix, holding that "the probate court found good cause for Hatchett's removal as executrix of the estate of Alma Zeigler because she did not responsibly take control of the assets of the estate and commingled estate funds with her personal funds."[3] Williams subsequently moved for damages from Hatchett and Clark, claiming, among other things, that Hatchett had breached her fiduciary duty to the estate and that, by filing multiple continuances and appeals, among other reasons, Hatchett and Clark had unnecessarily prolonged the proceedings. Following an evidentiary hearing, the probate court entered an order containing findings of facts and conclusions of law and awarding Williams compensatory damages, general and nominal damages, punitive damages, and expenses of litigation, including attorney fees.

1. Hatchett and Clark contend that the probate court erred in finding that the sale of the house to Hatchett's friend was wrongful. The court found that Hatchett engaged in a "sham transaction" concerning the house and described the timing of the transaction as

---

[2] See *Zeigler I*, supra.

[3] *Zeigler II*, supra at 270 (1). Our prior ruling that the probate court had cause to remove Hatchett as executrix is the law of the case in this appeal. OCGA § 9-11-60 (h).

"extraordinarily troubling." Hatchett and Clark contest on appeal many of the court's findings that led to its characterization of the sale and of Hatchett's intent in connection therewith. Hatchett's intent in selling the house to her friend was a question of fact for the probate court's determination.[4] "Upon appellate review of a bench trial, we will not set aside factual findings made by the trial court unless clearly erroneous. In doing so, we give due deference to the opportunity of the trial court to judge the credibility of the witnesses."[5]

There was evidence to support the court's findings concerning the sale of the house. Hatchett admitted not wanting Williams to gain possession of the house, despite the terms of her grandmother's will. She sold the house for less than its market value. The buyer of the house, a friend of Hatchett, lived out of state and had never seen the house. Hatchett gave the buyer a check in the amount of the purchase price shortly before the transaction. And when she was paid the same amount from the buyer, Hatchett deposited that money in her personal bank account despite having been removed as executrix and admonished by the court for conduct related to the sale. The court found that Hatchett did not offer a credible explanation for this transaction.

We find the probate court did not abuse its discretion in concluding from this evidence that the sale was wrongful.[6]

2. Hatchett and Clark contend that the probate court erred in awarding various damages to Williams.[7] As explained below, we find no evidentiary support for the court's award of compensatory damages for losses of estate assets other than the house. We find no error, however, in the court's award of compensatory damages for lost rent connected with the house, or in the court's award of general and punitive damages. Finally, we find no error in the court's award of expenses of litigation, including attorney fees.

(a) *Compensatory Damages*. As executrix, Hatchett owed a fiduciary duty to Williams, a beneficiary of the estate.[8] OCGA § 53-7-54 allows a beneficiary to recover damages if an executrix

---

[4] See *Stinchcomb v. Wright*, 278 Ga. App. 136, 141 (4) (628 SE2d 211) (2006).

[5] *Tanksley v. Parker*, 278 Ga. 877, 877-878 (1) (608 SE2d 596) (2005) (punctuation and footnote omitted).

[6] See *Gerschick v. Pounds*, 281 Ga. App. 531, 534 (1) (636 SE2d 663) (2006) (inadequacy of price, taken in connection with other circumstances of suspicious nature, raises presumption of fraud).

[7] In its order, the probate court also ruled that Hatchett and Clark could not receive certain compensation relating to Hatchett's performance as executrix. Hatchett and Clark do not appeal this ruling.

[8] See OCGA § 53-7-1 (a).

breaches her fiduciary duty.[9] OCGA § 53-12-193 (a) allows a beneficiary to recover damages resulting from a breach of trust, including "[a]ny loss or depreciation in value of the trust property"[10] and "[a]ny amount that would reasonably have accrued to the trust or beneficiary if there had been no breach of trust."[11]

An executrix breaches her fiduciary duty when she acts to promote her personal interests to the injury of the estate's beneficiaries.[12] The evidence of record supported the court's finding that Hatchett acted in such a way as to promote her personal desires concerning the disposition of the house, thereby breaching the fiduciary duties that she owed Williams, an estate beneficiary. Williams presented evidence concerning the rental value of the house, which authorized the court to award compensatory damages in the form of lost rent.

The probate court also awarded Williams compensatory damages for losses of other estate assets. In *Zeigler II*,[13] we addressed Hatchett's mishandling of these assets. The record does not show, however, and the parties have not cited to any place in the record where Williams presented the court with evidence of the value of these other assets. Accordingly, we find no evidentiary basis for the court's award of $2,000 in compensatory damages in connection with these assets, and we reverse this award.

(b) *General Damages.* The probate court awarded Williams general damages "for the fraud perpetrated upon this Court and Rita Williams in attempting a sham sale of [Hatchett's] grandmother's home for which Stacey Hatchett supplied the entire purchase price to [the buyer] prior to the sale and transfer of said property." "[G]eneral damages are those which the law presumes to flow from any tortious act, [and] they may be recovered without proof of any specific amount."[14] Instead, "[e]vidence may be submitted from which the jury may fairly estimate the amount of general damages that will reasonably compensate for the wrong done."[15] Under the circumstances of this case, we find no error in the award.

(c) *Punitive Damages.* "Punitive damages are allowed if there is clear and convincing evidence that the defendant's actions showed '[wilful] misconduct, malice, fraud, wantonness, oppression, or that

---

[9] OCGA § 53-7-54 addresses the liability of a "personal representative," which OCGA § 53-1-2 (12) defines to include an executor.

[10] OCGA § 53-12-193 (a) (1).

[11] OCGA § 53-12-193 (a) (3).

[12] See *Greenway v. Hamilton*, 280 Ga. 652, 653 (1) (631 SE2d 689) (2006).

[13] Supra.

[14] *Cavin v. Brown*, 246 Ga. App. 40, 43 (2) (a) (538 SE2d 802) (2000) (footnote omitted).

[15] *Bedingfield v. Brewer*, 220 Ga. 453, 461 (139 SE2d 389) (1964) (citation omitted).

entire want of care which would raise the presumption of conscious indifference to consequences.' "[16] They are available against defendants who breach a fiduciary duty.[17] The evidence concerning Hatchett's sale of the house to her friend[18] authorized the probate court's finding of clear and convincing evidence that Hatchett "acted intentionally and showed [wilful] misconduct in disregard of the rights of Rita Williams as the beneficiary under the will of Alma Zeigler." Accordingly, the court did not err in awarding punitive damages against Hatchett.

(d) *Expenses of Litigation.* The probate court awarded Williams expenses of litigation, including attorney fees, based on OCGA §§ 9-15-14 (b), 13-6-11, 51-7-80 et seq., and 53-12-193 (a) (4).

OCGA § 9-15-14 (b) provides for an award of litigation expenses upon a finding, among other things, that an attorney or party unnecessarily expanded a proceeding by improper conduct. The probate court found that Hatchett and Clark had conducted themselves in a manner to prolong administration of the estate so as to give Hatchett the opportunity to sell the house, citing among other conduct Hatchett's request for a continuance of the hearing on the petition to remove her as executrix and her sale of the house during the period in which the hearing was continued. Specifically as to Clark, the evidence demonstrated that he knew of Hatchett's desire to prevent Williams from receiving the house; that he knew the terms of the Zeigler will; that he prepared documents transferring the property to Hatchett's friend; that he facilitated the sale after obtaining a continuance of the hearing date on the petition to remove Hatchett as executrix; and that he did not ask the probate court for authority to proceed with the sale despite his earlier representation to the court that he would do so. The court did not abuse its discretion in awarding litigation expenses, including attorney fees, under this Code section.[19]

Under OCGA § 13-6-11, an estate beneficiary may recover expenses of litigation from an executor who has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.[20] Evidence that an executor breached a fiduciary duty from a motive of self-interest is a sufficient basis for an award under this Code section.[21] The court did not abuse its discretion

---

[16] *Bunch v. Byington*, 292 Ga. App. 497, 504 (4) (664 SE2d 842) (2008), quoting OCGA § 51-12-5.1 (b).

[17] *Jonas v. Jonas*, 280 Ga. App. 155, 163 (3) (d) (633 SE2d 544) (2006).

[18] See Division 1, supra.

[19] See *Taylor v. Taylor*, 282 Ga. 113, 115 (3) (646 SE2d 238) (2007).

[20] See *Greenway*, supra at 655 (3).

[21] Id.

in awarding litigation expenses, including attorney fees, under this Code section.[22]

Under OCGA § 53-12-193 (a) (4), a court has the discretion to award a beneficiary "expenses of litigation, including reasonable attorney's fees incurred by the beneficiary in bringing an action on the breach [of a trust]." By its terms, this Code section authorized the probate court to award Williams her litigation expenses incurred in bringing her claim for breach of fiduciary duty. The contention of Hatchett and Clark that a court may not award litigation expenses, including attorney fees, under this Code section unless it also finds evidence of all the other damages set out in the statute[23] is not supported by the statutory language.

We note that neither OCGA § 9-15-14 (b) nor OCGA § 13-6-11 authorizes a trial court to award expenses of litigation for proceedings before the appellate courts, because these statutes base the award of litigation expenses upon conduct that occurred at the trial court level.[24] OCGA § 53-12-193 (a) (4), however, bases an award of litigation expenses, including attorney fees, upon the breach of a trustee's duty to a fiduciary, and allows recovery of such expenses incurred when the beneficiary brings an action on the breach. We find that such expenses may include those incurred before an appellate court as well as before a trial court.[25] Because Williams's petition for Hatchett's removal was premised on Hatchett's breach of fiduciary duty to the estate, the expenses incurred by Williams in defending the appeals of that removal fell under OCGA § 53-12-193 (a) (4), and the probate court was authorized to include appellate expenses, including attorney fees, in its award to Williams.

Because we find a statutory basis for the litigation expenses, including attorney fees, awarded by the probate court, whether the court was also authorized to award these fees and expenses under OCGA § 51-7-80 et seq., Georgia's abusive litigation statute, is moot.

Williams submitted evidence documenting the work that her counsel performed for her and the expenses she incurred, both before the probate court and on appeal. The court also heard expert testimony that these litigation expenses, including attorney fees, were reasonable and necessary to Williams's representation. We find

---

[22] See *Bunch*, supra at 504-505 (5).

[23] See OCGA § 53-12-193 (a) (1), (2), (3).

[24] See *David G. Brown, P.E. v. Kent*, 274 Ga. 849, 851 (561 SE2d 89) (2002) (addressing OCGA § 13-6-11); *Bankhead v. Moss*, 210 Ga. App. 508, 510 (2) (436 SE2d 723) (1993) (addressing OCGA § 9-15-14).

[25] See *Buckler v. DeKalb County Bd. of Tax Assessors*, 288 Ga. App. 332, 333-334 (654 SE2d 184) (2007).

no clear error in the probate court's conclusion that the fees and expenses incurred by Williams were reasonable and necessary.

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 21, 2008 —
RECONSIDERATION DENIED DECEMBER 11, 2008 —

*Clark & Clark, Fred S. Clark*, for appellant.
*Maurice J. Bernard III, David H. Fritts*, for appellee.