A09A0663. SPRINGSIDE CONDOMINIUM ASSOCIATION, INC. v. THE HARPAGON COMPANY, LLC.

(679 SE2d 85)

SMITH, Presiding Judge.

Springside Condominium Association, Inc. (the Association) appeals from the trial court's order denying its request for attorney fees incurred in defending a judgment on appeal. For the reasons outlined below, we vacate the trial judge's order and remand this case for him to hold a hearing on the issue of attorney fees.

This case began when Harpagon Company, LLC (Harpagon) filed a petition to quiet title to remove a lien for unpaid assessments filed by the Association. At issue was whether Harpagon was liable for condominium assessments from the date of its purchase at a tax sale through the date the owner's right to redeem the property expired. *Harpagon Co. v. Davis*, 283 Ga. 410 (658 SE2d 633) (2008). The Association filed a counterclaim for the amount of unpaid

assessments as well as reasonable attorney fees actually incurred. The Association prevailed on its counterclaim below, and Harpagon's subsequent appeal to the Georgia Supreme Court was dismissed because Harpagon failed to comply with the mandatory discretionary appeal procedures for judgments in an amount less than $10,000. Id. at 412.

After the remittitur was returned to the superior court, the Association filed a motion to recover attorney fees incurred on appeal under the Georgia Condominium Act. See OCGA § 44-3-109 (b) (3). The Association also requested a hearing on its motion. Harpagon opposed the motion by arguing that the Association was not entitled to recover appellate fees generally. Harpagon also joined in the Association's request for a hearing to determine the amount of reasonable attorney fees incurred by the Association, to the extent that the trial court determined that the Association could recover attorney fees incurred on appeal.

Without first holding a hearing, the superior court denied the motion in the following order:

> The Defendant asks the Court to award attorney fees incurred in defending against an appeal of the final judgment in this case. The judgment has since been satisfied.
>
> In its Motion, the Defendant has cited no direct authority for awarding attorney fees in the instant case. In addition, the Court finds that this is not an appropriate case for an attorney fee award. The Motion is thus DENIED.

1. The Association asserts that the trial court erred by concluding that it was not entitled to recover attorney fees incurred on appeal and in failing to hold a hearing on the amount of attorney fees incurred. We agree.

"Generally an award of attorney fees is not available unless supported by statute or contract." (Citation, punctuation and footnote omitted.) *Sinkwich v. Conner*, 288 Ga. App. 320, 321 (654 SE2d 182) (2007). "We note that neither OCGA § 9-15-14 (b) nor OCGA § 13-6-11 authorizes a trial court to award expenses of litigation for proceedings before the appellate courts, because these statutes base the award of litigation expenses upon conduct that occurred at the trial court level." (Citations and footnote omitted.) *In re Estate of Zeigler*, 295 Ga. App. 156, 161 (2) (d) (671 SE2d 218) (2008). A party can, however, recover attorney fees incurred on appeal when attorney fees in general are authorized by other statutes. See id. (appellate attorney fees authorized in breach of trust actions under OCGA § 53-12-193 (a) (4)); *Evans County Bd. of*

*Commrs. v. Claxton Enterprise*, 255 Ga. App. 656, 659 (3) (566 SE2d 399) (2002) (appellate attorney fees can be recovered in Open Meetings Act cases under OCGA § 50-14-5 (b)).

The Georgia Condominium Act provides that "[t]o the extent that the condominium instruments provide, . . . the lien for assessments shall also include . . . [t]he costs of collection, including court costs, . . . and reasonable attorney's fees actually incurred." OCGA § 44-3-109 (b) (3). It further provides that "[t]he recording of the declaration pursuant to this article shall constitute record notice of the existence of the lien, and no further recordation of any claim of lien for assessments shall be required." OCGA § 44-3-109 (a). Finally, this court has repeatedly recognized that a condominium association is entitled to recover reasonable attorney fees under OCGA § 44-3-109 (b) (3). *The Springs Condo. Assn. v. Harris*, 297 Ga. App. 507 (677 SE2d 715) (2009); *Casey v. North Decatur Courtyards Condo. Assn.*, 213 Ga. App. 190, 192 (3) (444 SE2d 361) (1994); *Wehunt v. Wren's Cross of Atlanta Condo. Assn.*, 175 Ga. App. 70, 72 (2) (332 SE2d 368) (1985).

The by-laws for the Association authorize assessments against owners to include "reasonable attorney's fees actually incurred." By-Laws of Springside Condominium Association, Inc., Article VI, Section 2. Because attorney fees incurred on appeal are contemplated by statute and the Association's by-laws, the trial court erred by failing to hold a hearing as to the reasonable amount of attorney fees incurred by the Association. We therefore vacate the trial court's order and remand this case to the trial court to hold a hearing on the issue of reasonable appellate attorney fees incurred by the Association.

2. The Association's remaining enumeration of error about the effect of the trial court's ruling on its previous award of attorney fees is rendered moot by our holding in Division 1 and Harpagon's payment of these fees.

*Judgment vacated and case remanded with direction. Phipps and Bernes, JJ., concur.*

DECIDED MAY 19, 2009.

*Lipshutz, Greenblatt & King, Randall M. Lipshutz*, for appellant.

*Proctor Hutchins, Robert J. Proctor, Bradley A. Hutchins, Adam C. Caskey*, for appellee.