**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 12, 2019**

# In the Court of Appeals of Georgia

A19A1252. CREWE ACQUISITIONS, INC. v. KENDRICK.

BARNES, Presiding Judge.

Crewe Acquisitions, Inc. appeals from a judgment disbursing excess funds from a tax sale, contending that the trial court erred in awarding attorney fees to Steven Kendrick, serving in his official capacity as the Tax Commissioner of Richmond County. For reasons explained below, we vacate the award of attorney fees and remand this case for additional proceedings; the judgment is otherwise affirmed.

In April 2018, the tax commissioner filed pursuant to OCGA § 48-4-5 a verified complaint for interpleader, alleging that the county was in possession of $15,564.40 as excess funds from a May 5, 2015 sheriff's sale of certain real estate,

conducted to collect unpaid taxes owed on the property.[1] The tax commissioner named Crewe Acquisitions as the sole respondent, alleging that the company had made claim to all excess funds. The tax commissioner further recounted, however, that other circumstances – including actions taken by at least one of the persons who jointly owned the real property on the day of the tax sale – had given rise to "adverse and conflicting claims" and thus left it with doubt as to what amount, if any, Crewe Acquisitions was entitled to be paid. Also, the tax commissioner claimed that he was entitled to recover "reasonable attorney fees and expenses, pursuant to OCGA § 48-4-5 and § 23-3-90 and the extent." Hence, the tax commissioner explained in the complaint that he was tendering into the trial court's registry $12,754.40, which represented the amount of the excess funds "minus filing costs and attorney's fees." The tax commissioner thus sought from the trial court an order that, among other things, decided to whom the entirety of the excess funds were owed and in what amount(s).

---

[1] See *Bridges v. Collins-Hooten*, 339 Ga. App. 756, 758-759 (1) (792 SE2d 721) (2016) (reciting that if a property owner fails to pay county property taxes, the county may conduct a sale of the property to satisfy the unpaid taxes; and recognizing that if the tax sale generates funds more than those necessary to satisfy the tax lien, OCGA § 48-4-5 governs the payment of excess tax sale proceeds).

In its answer, as verified by its secretary, Crewe Acquisitions alleged that it was entitled to the full amount of the excess funds. Crewe Acquisitions denied that the circumstances cited by the tax commissioner rose to the level of causing doubt as to the rightful owner of the proceeds, and thus denied the tax commissioner's claim that this interpleader action was necessary. Maintaining the right to the $15,564.40, Crewe Acquisitions pled that the tax commissioner was not "automatically entitled to deduct any alleged filing fees, costs, or attorney's fees at the time of interpleader, but [was] . . . required to tender the full amount in controversy to the Court for determination of an award of fees and costs, if any."

Crewe Acquisitions later filed a motion for judgment on the pleadings seeking the $15,564.40. It argued that various attachments to the complaint demonstrated that there had been no viable contest or controversy between multiple claimants to the excess funds; and that "[b]ecause interpleader is unnecessary in a case with only one Respondent, [the tax commissioner] is not entitled to any court costs or attorney's fees."

After conducting a hearing on Crewe Acquisitions' motion, the trial court entered an "Order on Motion for Judgment on the Pleadings." Therein, the court pertinently ruled that Crewe Acquisitions was the only claimant entitled to proceeds

arising from the tax sale; that the tax commissioner was "entitled to retain the

$2,810.00 in attorney's fees it previously withheld from being [interpled]"; and that

Crewe Acquisitions was entitled to the $12,754.40, which the tax commissioner had

placed in the court's registry.

In this appeal, Crewe Acquisitions challenges the award of attorney fees on

multiple grounds.[2] It claims that neither of the two Code sections cited in the

underlying complaint, OCGA §§ 23-3-90[3] and 48-4-5,[4] contemplates an award of

---

[2] See *Southwest Health & Wellness v. Work*, 282 Ga. App. 619, 623 (2) (639 SE2d 570) (2006) ("[W]hen deciding a motion for judgment on the pleadings, the issue is whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. All well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts."); *Early v. MiMedx Group*, 330 Ga. App. 652, 654 (768 SE2d 823) (2015) (reciting that on motion for judgment on the pleadings, a trial court may consider exhibits that have been incorporated into the pleadings). See also *Poole v. In Home Health*, 321 Ga. App. 674, 674 (742 SE2d 492) (2013) ("On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings[.]").

[3] OCGA § 23-3-90 (b) ("If the person bringing the [interpleader] action has to make or incur any expenses in so doing, including attorney's fees, the amount so incurred shall be taxed in the bill of costs, under the approval of the court, the court in its discretion determining the amount of the attorney's fees, and shall be paid by the parties cast in the action as other costs are paid.").

[4] OCGA § 48-4-5 (b) (providing, in pertinent part, that "[t]he cost of litigation of such an interpleader action, including reasonable attorney's fees, shall be paid from the excess funds upon order of the court").

4

attorney fees to the tax commissioner where there is only one party with a viable claim to the excess proceeds. Crewe Acquisitions maintains that there was "no basis for an award of litigation expenses, attorney's fees, or costs for litigation which was not necessary to be filed," and urges that the tax commissioner not be allowed to "unnecessarily manufacture attorney's fees and litigation costs [merely because] excess funds were generated." Additionally, Crewe Acquisitions asserts that the record contains no evidence as to the reasonableness of the attorney fees or how the attorney fees award was calculated. As Crewe Acquisitions summarizes, "the [tax commissioner] merely withheld what [he] determined to be reasonable fees and costs at the time of filing and the trial court allowed the [tax commissioner] to keep these funds."

Countering that the award of attorney fees should be affirmed,[5] the tax commissioner notes the absence of a transcript of the hearing conducted on Crewe Acquisitions' motion, and argues that this Court must presume that evidence presented at that hearing was sufficient to support the trial court's grant of attorney fees. The tax commissioner cites *Chadwick v. Brazell*, 331 Ga. App. 373, 380 (4) (771 SE2d 75) (2015), for the general proposition that "[w]here all of the evidence is not before the appellate court in a transcript of the evidence, the judgment is assumed to be correct."

But the contested "Order on Motion for Judgment on the Pleadings" states on its face that the trial court "fully adjudicate[d] this matter based upon the pleadings

___

[5] We note that the tax commissioner has attached a document to its brief, but briefs cannot be used to supplement the record; because the attachment is not properly before us, we do not consider it. See *Locke's Graphic & Vinyl Signs v. Citicorp Vendor Finance*, 285 Ga. App. 826, 826 (1) (648 SE2d 156) (2007) ("A brief cannot be used in lieu of the record or transcript for adding evidence to the record; we must take our evidence from the record and not from the brief of either party.") (punctuation and footnote omitted); see also Court of Appeals Rule 24 (g) ("Do not attach documents or exhibits to appellate briefs or motions for reconsideration."). We additionally note that the tax commissioner's brief contains factual assertions that are unaccompanied by proper record citation. We "cannot consider factual representations in a brief which do not appear in the record." *Battle v. State*, 160 Ga. App. 111, 112 (2) (286 SE2d 341) (1981). "[W]e accept cases on their facts as shown by the record as developed . . . below." *State v. Ganong*, 221 Ga. App. 250, 250 (470 SE2d 794)( (1996). See also Court of Appeals Rule 25 (a) (1), (c) (2).

6

of record." Accordingly, we will not presume that evidence was presented at the motion hearing, and the tax commissioner's argument in this regard is unavailing. See *Executrix of the Estate of Seamans v. True*, 247 Ga. 721, 723 (3) (279 SE2d 447) (1981) (rejecting appellee's argument that the absence of a transcript of the summary judgment hearing invoked an assumption that evidence presented at that hearing was sufficient to support the summary judgment, where the contested summary judgment order stated that the ruling was based upon the parties' pleadings and an affidavit);[6] see also *Baker v. Brannen/Goddard*, 274 Ga. 745, 747-748 (1) (559 SE2d 450) (2002) (explaining that a hearing transcript was irrelevant to the appellate review of the summary judgment ruling, where the trial court indicated in its order that it had considered the "pleadings, affidavits, briefs, depositions and other matters on file").[7]

---

[6] See generally *Dukes v. Joyner*, 234 Ga. 526, 526-527 (1) (216 SE2d 822) (1975) (noting that "[a] motion for judgment on the pleadings is closely related to a motion for summary judgment").

[7] Accord OCGA § 5-6-41 (c) (providing in pertinent part that "where an appeal is taken *which draws in question the transcript of the evidence* and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense") (emphasis supplied); *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981) ("[W]here *the transcript is necessary for review* and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.") (emphasis supplied).

The tax commissioner seeks affirmance of the attorney fees award also on grounds that he has broad discretion regarding interpleader actions and that, during the relevant time in this case, he was presented two requests for the same monies. But the record lacks evidence to support the attorney fees award;[8] the record provides no indication as to how the trial court calculated the amount awarded (as opposed to some other amount);[9] and the record fails to clarify the requisite basis of the award.[10] And even if the trial court was authorized to grant attorney fees under one of the Code sections cited by the tax commissioner in the underlying complaint, "nothing in the language of [either] statute suggests that . . . a trial court may award an arbitrary amount of attorney fees based solely on speculation or guesswork." (Citation and

[8] See generally, e. g., *Bridges*, 339 Ga. App. at 762 (3) ("Because OCGA § 48-4-5 (b) provides in mandatory language that the trial court 'shall' award attorney fees, the award of attorney fees will be affirmed on appeal if there is any evidence to support it.").

[9] See generally, e. g., id. (ascertaining that "[OCGA § 48-4-5 (b)] does not specifically limit the actions to be taken by a tax commissioner in litigating the action," but that the provision requires a showing that any attorney fees award must be "reasonable").

[10] See generally, e. g., *Springside Condo. Assn. v. Harpagon Co*., 298 Ga. App. 39, 40 (1) (679 SE2d 85) (2009) ("Generally an award of attorney fees is not available unless supported by statute or contract.") (citation and punctuation omitted.)

8

footnote omitted.) *Jackson v. Sanders*, 333 Ga. App. 544, 561-562 (6) (773 SE2d 835) (2015) (full concurrence in Division 6).

Given the foregoing, "we vacate the award of attorney fees and remand the case for the [trial court] to reconsider this issue in accordance with this opinion, to state the statutory basis for any award and any necessary findings to support it, and to conduct an evidentiary hearing on the attorney fee issue," if warranted. (Citation omitted.) *Blumenshine v. Hall*, 329 Ga. App. 449, 454 (5) (765 SE2d 647) (2014) ("When a party seeking attorney fees has failed to present an essential element of proof, but the trial court nevertheless awarded attorney fees, we have consistently reversed or vacated that portion of the judgment awarding the attorney fees and remanded the case to the trial court to hold an evidentiary hearing to allow the party, if possible, to cure the matter.") (citation and punctuation omitted); *Jackson*, 333 Ga. App. at 561 (6) (reciting the long held principles that "an award of attorney fees and costs under Georgia law can only be authorized if there is sufficient proof of the actual costs and the reasonableness of those costs," and that "evidence must be presented from which the trial court can determine what portion of the total amount of attorney time and litigation expenses was attributable to the pursuit or defense of claims for which attorney fees are recoverable and what portion of the attorney's time

9

was spent on matters that are not recoverable") (citations and punctuation omitted); *Huggins v. Chapin*, 233 Ga. App. 109, 110 (503 SE2d 356) (1998) (vacating attorney fees award and remanding case for further action by the trial court, where the order failed to show the complex decision making process necessarily involved in reaching a particular dollar figure, the trial court failed to articulate why the particular amount awarded was proper as opposed to any other amount, the trial court did not provide the appellate court with any yardstick by which to judge whether the award of attorney fees was reasonable, and the award thus appeared to be based upon guesswork). See generally *Caldwell v. Church*, 341 Ga. App. 852, 858-859 (2) (c) (802 SE2d 835) (2017) (explaining where the request for attorney fees presented a question for a factfinder, judgment on the pleadings was improper because "a trial court is not a trier of fact on a motion for judgment on the pleadings").

*Judgment affirmed in part, vacated in part, and case remanded. Mercier and Brown, JJ., concur.*